482 A.2d 984

**COMMONWEALTH of Pennsylvania**

v.

**John Warren YERGER, Appellant.**

Superior Court of Pennsylvania.

Argued March 27, 1984.

Filed Sept. 21, 1984.

Barry M. Miller, Norristown, for appellant.

J. William Ditter, III, Assistant District Attorney, Norristown, for Commonwealth, appellee.

Before BROSKY, WIEAND and McEWEN, JJ.

McEWEN, Judge:

This appeal was undertaken after appellant was determined by the distinguished Judge William T. Nicholas, sitting without a jury, to be guilty of possession with intent to deliver methamphetamine and of firearms offenses and

sentenced to a prison term of four years to ten years.[1] We affirm.

A state trooper specializing in narcotics investigations, contrived to purchase methamphetamines from appellant through the cooperation of an informer known as "Sonny" and considered by the trooper to be reliable. After the informant confirmed to the trooper that appellant would appear for the sale at a designated location and specific hour, the trooper partially completed an affidavit of probable cause for the search of the automobile of appellant, reciting:

---

**PROBABLE CAUSE BELIEF IS BASED ON THE FOLLOWING FACTS AND CIRCUMSTANCES**
*(See special instructions below):*

I, the affiant, have been a member of the Penna. State Police for over six (6) years. I have worked as a narcotics investigator for over two (2) years and am currently assigned to the Office of Drug Law Enforcement, Region II Narcotics Strike Force, Reading, Penna.

On 31 Aug. 81, the affiant received information from a confidential informant who related that he was present during a conversation and learned that an individual known as "Sonny" from Norristown, was to receive a quantity of methamphetamine from an individual known as "Crazy John YERGER. This delivery is to take place in the parking lot of Alfalfa's located on Rt. 202, King of Prussia, Penna., at 6:00 PM on 31 Aug. 81. The informant gained this information through conversation with subjects who are to be the receivers of the methamphetamine.

The informant mentioned in this affidavit provided information to the Penna. State Police which has lead to the arrest of one (1) individual in Montgomery County for a vice violation. The informant also has supplied information and provided assistance in a current ongoing investigation in the Norristown area. This information has personally been verified through an independent investigation.

Examination of police records reflects that John Warren YERGER, aka "Crazy John YERGER" has been arrested three (3) times in the past for violation of the Drug Laws of the Commonwealth of Pennsylvania.

| 7/18/72 | Penna. State Police, Troop "J" | Viol. of the Controlled Substance Act |
| 12/11/72 | Montgomery County, Penna. | " " " " " " |
| 2/9/79 | Penna. State Police, Troop "K" | " " " " " " |

On this date, I, the affiant, received information from Tpr. Walter WENIGER, Penna. State Police, who stated that he had recently received information from a confidential and reliable source that related that John YERGER was currently engaged in the sale of the methamphetamine and was last seen operating a white over maroon Cadillac. Tpr. Weniger received this information while conducting his duties as a member of the Penna. State Police, assigned to the Division of Drug Law Enforcement.

---

1. Appellant was sentenced to a term of imprisonment of from four years to ten years for possession with intent to deliver methamphetamine, and to concurrent sentences of from two and one-half years to five years upon the two weapons offenses. Sentence was suspended for possession of a small amount of marijuana.

When appellant, driving the vehicle specified in the warrant, arrived at the prearranged time and place, the trooper arrested appellant and uncovered a switchblade knife during a search of his person. The trooper then provided for completion of the affidavit of probable cause by recitation of the following information:

At approximately 6:45 PM, on 31 August 1981, John YERGER appeared at Alfalfa's Restaurant, located on Route 202, Upper Merion Twp., King of Prussia, Montgomery County, Penna., as was stated by the informant's information. At this time, YERGER was operating a 1976 white over maroon Cadillac Convertible, bearing Pa. Reg. #CXM369, issued to Norris Richards, RD # 1, Elverson, Penna.

Norris RICHARDS is a known alias for the subject John YERGER, who used this name at the time of his previous arrest on 2/9/79, and is documented under state police report # K3-140507.

On 31 August 81, Tpr. Walter WENIGER positively identified the driver of the 1976 white over maroon Cadillac as being John Warren YERGER, who Tpr. WENIGER knows personally.

The district justice, after review of the completed affidavit, issued the warrant for the search of the automobile of appellant, as a result of which the state police discovered and seized approximately 300 grams of methamphetamine in various packages and at several locations in the automobile, as well as a loaded .45 caliber automatic handgun.

Appellant asserts that the arrest was made without sufficient probable cause and was, therefore, illegal. While the notion of probable cause has been subjected to quite definite revision by the United States Supreme Court as well as clarification by this Court since the date of the issuance of the opinion of the trial court rejecting this assertion of appellant, those recent appellate expressions demonstrate that the trial judge not only correctly ruled upon but also quite intuitively addressed this assertion.[2]

**2.** When we view the denial of a motion to suppress, we must, of course, consider only the evidence of the prosecution's witnesses and so much of the evidence for the defense as, fairly read in the context

■ It is firmly established that "[p]robable cause exists where the arresting officers at the time of the arrest have knowledge of facts and circumstances, based upon reasonably trustworthy information, sufficient to warrant a person of reasonable caution in believing that the suspect has committed or is committing a crime." *Commonwealth v. Deemer*, 316 Pa.Super. 28, 34, 462 A.2d 776, 779 (1983) (citations omitted). This Court, in *Commonwealth v. Sorrell*, 319 Pa.Super. 103, 109, 465 A.2d 1250, 1253–54 (1983), reiterated the firmly established principle that "[p]robable cause can be founded in hearsay evidence, as is the case when information is given to a police officer by a third party", before concluding that the principles enunciated in the United States Supreme Court decision of *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), apply with equal force to cases involving the warrantless seizure of the person. *See also Commonwealth v. Moore*, 321 Pa.Super. 1, 467 A.2d 862 (1983). The Supreme Court, in *Gates*, "abandon[ed] the 'two-pronged test' established by [its] decisions in *Aguilar* [*v. Texas*, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964),] and *Spinelli* [*v. United States*, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969) ]", and "reaffirm[ed] the totality of the circumstances analysis that traditionally has informed probable cause determinations." *Illinois v. Gates*, 462 U.S. at 238, 103 S.Ct. at 2332. The Supreme Court redeclared its abandonment of *Aguilar-Spinelli* in *Massachusetts v. Upton*, —— U.S. ——, 104 S.Ct. 2085, 80 L.Ed.2d 721 (1984) (Per Curiam), when it stated that *Gates* "did not merely redefine or qualify the 'two-

of the record as a whole, remains uncontradicted. *Commonwealth v. Kichline*, 468 Pa. 265, 280–81, 361 A.2d 282, 290 (1976); *Commonwealth v. Jerry*, 323 Pa.Super. 299, 307–308, 470 A.2d 601, 605 (1983). If the record supports the factual findings of the suppression court as well as the legitimacy of the inferences and legal conclusions drawn from those findings, they may not be disturbed on appeal. *Commonwealth v. O'Bryant*, 479 Pa. 534, 537, 388 A.2d 1059, 1061, *cert. denied*, 439 U.S. 990, 99 S.Ct. 589, 58 L.Ed.2d 664 (1978). "It is, however, exclusively the province of the suppression court to determine the credibility of witnesses and the weight to be accorded to their testimony." *Commonwealth v. Neely*, 298 Pa.Super. 328, 341, 444 A.2d 1199, 1205 (1982).

pronged test' [but] rejected it as hypertechnical and divorced from 'the factual and practical considerations of everyday life in which reasonable and prudent men, not legal technicians, act.' " *Massachusetts v. Upton, supra quoting Brinegar v. United States,* 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949).

Probable cause to arrest arises when the information provided is precise, detailed and verified by independent observation. *Draper v. United States,* 358 U.S. 307, 313, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959); *Commonwealth v. Norwood,* 456 Pa. 330, 333–34, 319 A.2d 908, 910 (1974); *Commonwealth v. Waters,* 276 Pa.Super. 584, 590, 419 A.2d 612, 615 (1980); *Commonwealth v. Fox,* 267 Pa.Super. 341, 345–46, 406 A.2d 1072, 1074 (1979). While the Supreme Court, in *Gates,* reaffirmed the view that the "reliability" of the informant, as well as the informant's "veracity", and "basis of knowledge", are "all highly relevant in determining the value of his report", the Court nonetheless declared that "these elements should [not] be understood as entirely separate and independent requirements to be rigidly exacted in every case .... Rather, ... they should be understood simply as closely intertwined issues that may usefully illuminate the common-sense, practical question whether there is 'probable cause' ...." *Id.* 462 U.S. at 230, 103 S.Ct. at 2327. (footnote omitted). *See also Massachusetts v. Upton,* —— U.S. at ——, 104 S.Ct. 2085. *Accord Commonwealth v. Rosario,* 320 Pa.Super. 215, 217, 467 A.2d 5, 7 (1983); *Commonwealth v. Prosdocimo,* 308 Pa.Super. 187, 197, 454 A.2d 84, 89 (1982). And while an informant's tip standing alone may not be enough to justify a finding of probable cause, where the substance of the tip serves as a starting point for the further investigation that provides substantial corroboration of the tip, the reviewer, whether an issuing authority considering application for a warrant or a police officer poised to complete a warrantless arrest, may well then have a sufficient fund of information concerning the reliability of the informant and/or the veracity of the informant and/or the basis of the informant's knowl-

edge, as to enable the reviewer to conclude that under all of the circumstances probable cause does exist. *See Massachusetts v. Upton,* —— U.S. at ——, 104 S.Ct. at 2085; *Illinois v. Gates,* 462 U.S. at 241–245, 103 S.Ct. at 2334–35; *Commonwealth v. Rosario, supra* 320 Pa.Super. at 217, 467 A.2d at 8; *Commonwealth v. Moore, supra* 321 Pa.Super. at 6–7, 467 A.2d at 865; *Commonwealth v. Sorrell, supra* 319 Pa.Super. at 109–110, 465 A.2d at 1253; *Commonwealth v. Price,* 318 Pa.Super. 240, 248, 464 A.2d 1320, 1326 (1983).

■ The arresting officers and the trial court had an abundant basis upon which to conclude that the purpose of the presence of appellant was to sell drugs and that, therefore, there was probable cause to arrest. The facts and circumstances in support of that conclusion include: (1) the affiant had specialized in narcotics investigations for two years; (2) the confidential informant had earlier supplied information that had caused an arrest; (3) the informant had also supplied information in another current investigation; (4) the information supplied by the informant in connection with the other current investigation had proved to be of assistance; (5) the information supplied by the informant in the current investigation had been verified by an independent investigation of the state trooper; (6) the informant identified appellant by an alias that was verified by the police; (7) the independent investigation had verified the prior drug activity of appellant; (8) the activity of appellant in drug distribution was verified by another state police narcotics specialist; (9) appellant did appear at the prearranged time; (10) appellant did appear at the prearranged location; and (11) appellant was operating the automobile that had been described by the other state police narcotics specialist. The presence of probable cause would seem to have been beyond dispute. There is, therefore, no merit to the contention that the arrest was illegal.[3]

---

3. Since we have concluded that the arrest was lawfully made, there is no merit to the further contentions of appellant that (1) the switchblade found on appellant should have been suppressed as a product of

■ Appellant further contends that the contraband seized from his vehicle should have been suppressed because the probable cause affidavit of the search warrant did not set forth either the ultimate source of the information supplied by the informant or the underlying circumstances from which the affiant concluded that his informant was credible or his information reliable. Appellant also argues that the search warrant was defective because the alleged buyer, "Sonny", never appeared at the restaurant parking lot to complete the transaction. Probable cause determinations, as we have earlier stated, are now made on the basis of a totality of the circumstances analysis. *Massachusetts v. Upton, supra; Illinois v. Gates, supra.*

■ The adequacy of probable cause is a subject of analysis during two different stages of judicial inquiry and the United States Supreme Court has, in *Gates* and *Upton,* succinctly and firmly defined the scope of each of those two inquiries:

"The task of *the issuing magistrate* is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that the contraband or evidence of a crime will be found in a particular place and the duty of the reviewing court is simply to ensure that the magistrate had a 'substantial basis for ... conclud[ing]' that probable cause existed." *Illinois v. Gates,* 462 U.S. at 238, 103 S.Ct. at 2332 *quoting Jones v. United States,* 362 U.S. 257, 271 [80 S.Ct. 725, 736, 4 L.Ed.2d 697] (1960). (emphasis supplied). [T]he task of *a reviewing court* is not to conduct a de novo determination of probable cause, but only to determine whether there is substantial evidence in the record supporting the magistrate's decision to issue the warrant.

an unlawful arrest; and (2) all items found during the course of the search of the vehicle should have been suppressed since the affidavit, the search warrant and the vehicle search were all tainted by an illegal arrest.

*Massachusetts v. Upton,* —— U.S. at —— [104 S.Ct. 2085] (emphasis supplied).

A study of the instant probable cause affidavit, restricted, of course, to its four corners, *Commonwealth v. Gray,* 322 Pa.Super. 37, 45, 469 A.2d 169, 173 (1983), discloses the same abundant basis for the determination by the magistrate that probable cause existed for the issuance of the search warrant as we hereinabove itemized and as we earlier ruled was sufficient to enable the officer to conclude that there was probable cause for the arrest. While it is true that the affidavit does not specifically identify the participants in the conversation, it is certainly clear from the affidavit that appellant expressed a willingness to distribute the drugs. "To require the affidavit to set forth the underlying facts and circumstances *ad infinitum* would be unreasonable." *Commonwealth v. Crawford,* 320 Pa.Super. 95, 100, 466 A.2d 1079, 1081 (1983). This principle is especially applicable here where ample facts and circumstances were recited in the affidavit. The claims of appellant that the search warrant was defective must, therefore, be rejected.[4]

The falsification of information by the state trooper, despite his oath in the affidavit for a search warrant, is the basis for the further assertion of error. Appellant asserts that after he had been convicted, he discovered that the state trooper not only provided false information in the affidavit of probable cause, but also rendered false testimony under oath during the suppression hearing. Since the transcript of the testimony rendered at the suppression hearing was later incorporated by reference into the record of the trial, appellant asserts the contamination of the proceedings against appellant was complete. This after-dis-

---

4. In light of our conclusions (1) that appellant was legally arrested and (2) that the search warrant was issued upon sufficient probable cause, there is no merit to the further assertion of appellant that his statements, including the overheard admission of complicity, should have been suppressed. Nor is there any merit to the contention that the court should have ordered a new trial or arrested judgment on the basis of either the search or the arrest.

covered evidence was the basis for a hearing conducted by the trial court upon the motion of appellant for a new trial and in arrest of judgment on the grounds of after-discovered evidence.

The portion of the affidavit of probable cause which contained the allegedly wilful falsification of the state trooper recites:

On 31 Aug. 81, the affiant received information from a confidential informant who related that he was present during a conversation and learned that an individual known as "Sonn[y]" from Norristown, was to receive a quantity of methamphetamine from an individual known as "Crazy John YERGER[""]. This deliver[y] is to take place in the parking lot of Alfalfa's located on Rt. 202, King of Prussia, Penna., at 6:00 PM on 31 Aug. 81. The informant gained this information through conversation with subjects who are to be the receivers of the methamphetamine.

The affiant state trooper acknowledged in his testimony at the hearing that the "confidential informant" and the "individual known as 'Sonny' " were one and the same party and that, therefore, the informant did not witness and overhear a discussion between appellant and the third party concerning the sale of methamphetamine, but had himself conducted the conversation concerning the illegal distribution. Appellant further notes that the issuing authority was thereby deceived since the affidavit would reflect that the confidential informant had declared against his penal interest, a factor that simply did not exist.

 The statements contained in the affidavit were misleading by omission, and the omission was undoubtedly deliberate. However, the statements were technically correct and were *not* an attempt to create probable cause where none existed. We, therefore, examine the affidavit in the light of the principle established by this Court in *Commonwealth v. Tucker,* 252 Pa.Super. 594, 599, 384 A.2d 938, 941 (1978), "that misstatements of fact will invalidate a search warrant and require suppression of the fruits of the

search only if the misstatements of fact are *deliberate* and *material.*" (emphasis in original). "To rule otherwise would permit the police in every case to exaggerate or to expand on the facts given to the magistrate merely for the purpose of meeting the probable cause requirement, thus precluding a detached and objective determination." *Commonwealth v. D'Angelo,* 437 Pa. 331, 337–38, 263 A.2d 441, 444 (1970). When we determine whether a misstatement is material, "the test is not whether the misstatement *strengthens* the application, but rather is it *essential* to it. This is determined by deleting the misstatement from the application, and then seeing whether the application still states enough to show probable cause." *Commonwealth v. Yucknevage, supra* 257 Pa.Super. at 24, 390 A.2d at 227. (emphasis in original). *See also In Interest of Eckert,* 260 Pa.Super. 161, 166, 393 A.2d 1201, 1203 (1974).

An examination of the controverted portion of the affidavit [5] leads us to conclude that the misstatements to be deleted are:

... who related that he was present during a conversation and learned....

The informant gained this information through conversation with subjects who are to be the receivers of the methamphetamine.

Since these deletions do not substantially or even materially affect the ample facts and circumstances that support the conclusion of the issuing authority that probable cause existed for the issuance of a search warrant, we will not invalidate the warrant. As a result, we conclude the trial court properly dismissed the motions based upon this after-discovered evidence.

We hasten to emphasize, however, that this decision must not under any circumstances be considered as an approval

5. Our inquiry is here reduced to the determination of whether the misstatement was material, since it is undisputed that the misstatement was deliberate. It is to be noted that when a misstatement is immaterial, it does not matter whether it is deliberate. *Commonwealth v. Yucknevage,* 257 Pa.Super. 19, 26 n. 2, 390 A.2d 225, 228 n. 2 (1978).

of the judgment of the narcotics officers responsible for the decision to conceal the fact that "Sonny" was the confidential informant and that "Sonny" was the party conversing with appellant concerning the distribution of methamphetamine and not simply a witness to such a discussion. As zealous as the police officers of our Commonwealth are and must be to eliminate the awesome destruction that drug traffickers inflict upon our young people and their families and our Commonwealth, and as well motivated as police officers are and must be to protect informants, a police officer who relies upon a ploy to do so, risks the ultimate peril, namely, the discharge of the drug distributor from prosecution.

Judgment of sentence affirmed.[6]

6. We have carefully reviewed the entire record as well as the briefs of the parties and conclude that the trial judge properly rejected the remaining contentions of appellant.