**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**James M. TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Argued Feb. 10, 2004.

Filed May 11, 2004.

---

Paul W. Muller, Harrisburg, for appellant.

James P. Barker, Asst. Dist. Atty., Harrisburg, for Com., appellee.

Before: LALLY–GREEN, GANTMAN, and CAVANAUGH, JJ.

LALLY–GREEN, J.

¶ 1 Appellant, James M. Taylor, appeals from the judgment of sentence entered on May 16, 2003. We affirm.

¶ 2 The facts are as follows.[1] On August 13, 2002, Harrisburg Police received a 911 call from the victim, Morris Smith. Smith, an 84–year–old man, had been struck from behind on the right side of the face while in his garage feeding stray cats and birds. As he lay on the ground, Smith felt the perpetrator going through his pockets. Smith saw the perpetrator fleeing and described him to police.

¶ 3 Police interviewed witness Craig Paige at the Harrisburg Police Bureau. Paige stated that Appellant told him he was going to rob the victim. Paige saw Appellant go into the victim's garage and come back out a short time later.

¶ 4 On August 15, 2002, a criminal complaint was filed charging Appellant with robbery, aggravated assault, and burglary. Police arrested Appellant on the same day, August 15, 2002. On August 17, 2002, a new criminal complaint charged Appellant with criminal homicide for the death of Smith, who died on August 16, 2002, from the injuries inflicted by Appellant.

¶ 5 On March 12, 2003, Appellant filed a motion seeking suppression of statements made at the Harrisburg Police Station on August 15, 2002. A hearing occurred wherein, *inter* alia, Appellant stated that he had been taken to the station on August 15, 2002, where he had been interviewed and had given the police a statement implicating himself in the robbery of Smith. N.T., Suppression Hearing, 5/7–12/03, at 12, 15–16. After the hearing, the court denied Appellant's motion to suppress.

On May 12, 2003, a jury trial began. On May 16, Appellant was found guilty of all charges and sentenced to life imprisonment. This appeal followed.

¶ 6 Appellant raises one issue on appeal: Whether the trial court erred when it denied Appellant's motion to suppress his statement to police because it was tainted by an unlawful arrest?

Appellant's Brief at 4.

¶ 7 When reviewing an order denying a motion to suppress evidence, we are limited to determining whether the evidence of record supports the factual findings, inferences and legal conclusions of the suppression court. *Commonwealth v. Bennett,* 827 A.2d 469, 475 (Pa.Super.2003). In so doing, we consider only the evidence of the prosecution along with defense evidence that, fairly read in the context of the entire record, remains uncontradicted. *Commonwealth v. Fitzpatrick,* 446 Pa.Super. 87, 666 A.2d 323, 325 (1995). Furthermore, questions of credibility and the weight to be accorded to witness testimony are issues within the sound discretion of the trial court. *Id.* If the record supports the factual findings of the trial court, we may reverse only for an error of law. *Id.*

¶ 8 Appellant claims that the Harrisburg Police lacked probable cause to arrest him. Specifically, Appellant claims that the police omitted material information when they submitted a probable cause affidavit in support of an arrest warrant for Appellant. Appellant contends that if the omitted information had been included, the affidavit would not have provided probable cause.

The test in this Commonwealth for determining whether probable cause exists for the issuance of an arrest warrant is

---

1. The record reflects that the trial court failed   to file an opinion.

the "totality of the circumstances." *Illinois v. Gates*, 462 U.S. 213 [103 S.Ct. 2317, 76 L.Ed.2d 527] (1983). In determining whether probable cause exists, a magistrate is not required to find a showing of criminal activity; mere probability of such criminal activity is sufficient for probable cause. Furthermore, the information offered to demonstrate probable cause must be viewed in "a common sense, nontechnical, ungrudging and positive manner." *Commonwealth v. Jones*, 506 Pa. 262, 484 A.2d 1383 (1984). Our duty on appeal is to ensure that the magistrate had a "substantial basis for concluding that probable cause exists." *Commonwealth v. Fromal*, [392 Pa.Super. 100] 572 A.2d 711, 718 ( [Pa.Super.] 1990) (*quoting Illinois v. Gates, supra*, 462 U.S. at 238–239[, 103 S.Ct. 2317]). A trial court's determination of probable cause is accorded the utmost deference on appeal. We must limit our inquiry to the information within the four corners of the affidavit submitted in support of probable cause when determining whether the warrant was issued upon probable cause.

*Commonwealth v. Rogers*, 419 Pa.Super. 122, 615 A.2d 55, 62 (1992) (citations omitted). Regarding when probable cause to arrest exists, we recently stated that:

> Probable cause is determined by considering the totality of the circumstances. *Illinois v. Gates*, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). Under the totality of the circumstances, a police officer must make a practical common sense decision whether, given all of the circumstances known to him at that time, including hearsay information, there is a fair probability that a crime was committed and that the suspect committed the crime.

*Commonwealth v. Hannon*, 837 A.2d 551, 554 (Pa.Super.2003), *appeal denied*, —— Pa. ——, 847 A.2d 1279 (2004).

¶ 9 Again, Appellant argues that probable cause was lacking because the police **omitted** material information from the affidavit of probable cause. Specifically, Appellant asserts that Officer Jeffrey Schriver omitted information about the eyewitness, Paige. Appellant points to Paige's inability to describe correctly the garage where the robbery took place [2] and his inability to describe accurately when the ambulance arrived and where the victim was found. Appellant also complains that the victim's nephew, a local bail bondsman, had offered Paige money for information implicating someone in the crime. Appellant further asserts that Officer Schriver omitted that Paige was not interviewed at the scene but was arrested and interviewed several days later. Appellant claims that if these omitted facts had been in the affidavit, then they would have established that Paige was present when the incident occurred, stayed at the scene, and talked to police afterwards, but they would not have implicated Appellant. Thus, Appellant contends that sufficient probable cause for issuance of the arrest warrant was lacking.

¶ 10 This Court has addressed the related question of **false** statements in affidavits of probable cause.[3] Appellant, howev-

---

**2.** Appellant's assertion focuses on minor details such as Paige not being able to recall the color of the brick in the victim's garage where the incident occurred.

**3.** In that context, Appellant must show: (1) "a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit," and (2) "the allegedly false statement is necessary to the finding of probable cause." *Wagner v. Waitlevertch*, 774 A.2d 1247, 1253 (Pa.Super.2001), *citing, Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978); *Lippay v. Christos*, 996 F.2d 1490, 1501 (3d Cir.Pa.1993).

er, does not allege that false statements were made. Moreover, there is a significant difference between false statements and omissions. Our sister court, the Court of Appeals for the Third Circuit, has set forth the following framework for analyzing omissions:

All storytelling involves an element of selectivity. We cannot demand that police officers relate the entire history of events leading up to a warrant application with every potentially evocative detail that would interest a novelist or gossip ("... the witness blushed when I mentioned the gun, and blinked six times while studying the photographic array. I noticed his hand crept up to his lips (which were chapped) ..."). On the other hand, one of the reasons for requiring a neutral magistrate to evaluate probable cause is that an uninterested party is presumably better suited to review and evaluate the facts than an officer pursuing a lead. "The point of the Fourth Amendment, which often is not grasped by zealous officers, is not that it denies law enforcement the support of the usual inferences which reasonable men draw from evidence. Its protection consists in requiring that those inferences be drawn by a neutral and detached magistrate instead of being judged by the officer engaged in the often competitive enterprise of ferreting out crime." *Johnson v. United States,* 333 U.S. 10, 13–14, 68 S.Ct. 367, 92 L.Ed. 436 (1948) (cited in *Payton v. New York,* 445 U.S. 573, 586 n. 24, 100 S.Ct. 1371, 63 L.Ed.2d 639 (1980)). It follows that a police officer cannot make unilateral decisions about the materiality of information, or, after satisfying him- or

herself that probable cause exists, merely inform the magistrate or judge of inculpatory evidence.

Recognizing the tension between the extreme models that could arise if either of these competing concerns were taken alone—requiring a police officer to tell all, and permitting a police officer to independently determine materiality—we follow the common sense approach of the Court of Appeals for the Eighth Circuit and hold that omissions are made with reckless disregard if an officer withholds a fact in his ken that "any reasonable person would have known that this was the kind of thing the judge would wish to know." *United States v. Jacobs,* 986 F.2d 1231, 1235 (8th Cir. 1993). In *Jacobs,* the court concluded that the officer acted with reckless disregard when he told the magistrate that a drug sniffing dog showed "interest" in the bag of the defendant but failed to inform the magistrate that it had not gone into "alert." *Id.* at 1234. "Because of the highly relevant nature of the omitted information," the court held that "the omission occurred at least with reckless disregard of its effect upon the affidavit."

*Wilson v. Russo,* 212 F.3d 781, 787–788 (3d Cir.N.J.2000).

¶ 11 The materiality of omissions in a probable cause determination has not been explicitly addressed by our state courts.[4] However, our sister federal court, the Court of Appeals for the Third Circuit, addressed this question in *United States v. Frost,* 999 F.2d 737, 743 (3d Cir.Pa.1993), *cert. denied,* 510 U.S. 1001, 114 S.Ct. 573, 126 L.Ed.2d 472 (1993). In *Frost,* the

---

**4.** In *Commonwealth v. Ryerson,* 817 A.2d 510, 514 (Pa.Super.2003), this Court recognized the distinction between false statements and omissions. Because the appellant in *Ryerson* challenged the omission of certain facts in the

affidavit of probable cause, but cited cases only relating to false statements, we determined that the issue was waived for lack of meaningful development.

circuit court held that where an omission, rather than a misrepresentation, is the basis for a challenge to an affidavit for an arrest warrant, a court should inquire whether the affidavit would have provided probable cause if it had contained a disclosure of the omitted information. *Id.*

■ ¶ 12 We adopt as our own the circuit court's reasoning regarding omissions. Thus, where omissions are the basis for a challenge to an affidavit of probable cause in an arrest warrant, we apply the following test: (1) whether the officer withheld a highly relevant fact within his knowledge, where "any reasonable person would have known that this was the kind of thing the judge would wish to know"; and (2) whether the affidavit would have provided probable cause if it had contained a disclosure of the omitted information. *Wilson; Frost; accord, Commonwealth v. Baker*, 532 Pa. 121, 615 A.2d 23, 26–27 (1992) (evidence of the police's "corrupting influence" on a witness would have been highly relevant to the magistrate's finding of probable cause, but even if this information had been included, the affidavit still would have provided probable cause); *Commonwealth v. Ceriani*, 411 Pa.Super. 96, 600 A.2d 1282, 1285 (1991) (omission of an informant's prior record and possible drug addiction was not fatal, because the affidavit would have provided probable cause even if this information had been included), *appeal denied*, 532 Pa. 641, 614 A.2d 1138 (1992); *Commonwealth v. Yerger*, 333 Pa.Super. 501, 482 A.2d 984, 990–991 (1984), *appeal denied*, 518 Pa. 465, 544 A.2d 446 (1988) (where officer's statements in an affidavit were technically correct but "misleading by omission," and where the omission was deliberate, invalidation of the warrant was not necessary because the omission was "not an attempt to create probable cause where none existed" and because the affidavit still would have presented probable cause if the full information had been included).

¶ 13 The affidavit states, in relevant part:

On 08/15/02 we interviewed Craig Paige at the Harrisburg Police Bureau/Criminal Investigation Division in reference to this issue. He told us that he was present when this robbery occurred. Paige stated James Taylor told him he was going to rob the victim. Paige then saw Taylor go into the garage and come back out a very short time later. This was where the victim was at. A few minutes later, police arrived in the area. Paige identified James Taylor as the accused in this incident.

*See,* Harrisburg Bureau of Police Probable Cause Affidavit. We observe that the affidavit clearly stated that Paige was interviewed on August 15, 2002 at police headquarters.

¶ 14 After a suppression hearing, the suppression court stated the following:

Well, it is always good practice to afford the issuing authority as much information as may be practical and relevant at the time.

Now, having said that, the law has not certainly progressed in this Commonwealth to the point that the officers—but we are clearly instructed that we are to read the totality of what is in the warrant together with the face of the application for the warrant itself.

When we do that, we believe that the information that was provided to the district justice at night court in this circumstance was clearly sufficient to establish probable cause. And that's the key, probable cause.

It's not proof beyond a reasonable doubt. It is probable cause. And the two elements of probable cause primari-

ly—they vary in their recitation or how you articulate them.

Basically A, that a crime or crimes were committed and that there is a reason to believe that the charged person, the Defendant, was the person or one of the persons responsible for committing those crimes.

It would have been insufficient to just make bald allegations or assertions that the Defendant in this particular case committed some crimes that are charged at that time.

However, we are satisfied that reading the affidavit of probable cause as a whole, there was more than sufficient information given to the district justice that would warrant the issuance of the arrest warrant and the search warrant for the residence where he resided.

N.T., 5/12/03, at 49–51.

¶ 15 The record reflects that the affidavit submitted to District Justice Lindsey was sworn by Officer Jeffrey Schriver on August 15, 2002. *See,* Harrisburg Bureau of Police Probable Cause Affidavit. Officer Schriver has been employed by the Harrisburg City Police as an investigator for the past 12 years. N.T., 5/7–12/03, at 5. Officer Schriver noted in the affidavit that he attempted to locate witnesses to the incident. *Id.* at 7. Officer Schriver located and interviewed Craig Paige. *Id.* In his interview, Paige stated that Appellant confided in him that Appellant was going to rob the victim. *Id.* Paige also said that he witnessed Appellant enter the victim's garage and exit it a short time later. *Id.* at 7–8. Paige identified Appellant as the perpetrator when police arrived on the scene a short time later. *Id.* at 8.

¶ 16 In summary, our review of the record fails to reflect that Officer Schriver made an omission with reckless disregard for its effect on the affidavit by withholding highly relevant information. *Wilson.*

We further conclude that the affidavit would have provided probable cause even if it had contained a disclosure of the omitted information about affiant Paige's inability to recall the color of the brick in the victim's garage and inability to describe precisely when the ambulance arrived and where the victim was found. *Frost.* Accordingly, the suppression court did not abuse its discretion in denying Appellant's motion to suppress.

¶ 17 Judgment of sentence affirmed.