J-S25026-18

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CARNELL JAMES TINSON | : | |
| | : | |
| Appellant | : | No. 1542 WDA 2017 |

Appeal from the Judgment of Sentence September 29, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003363-2016

BEFORE: GANTMAN, P.J., PANELLA, J., and OTT, J.

MEMORANDUM BY PANELLA, J.                 FILED SEPTEMBER 17, 2018

Carnell Tinson appeals, pro se, from the judgment of sentence entered after a jury convicted him of selling heroin with a gun present. Tinson claims the trial court erred in finding sufficient the affidavit of probable cause used to gain a warrant to search his motel room, thereby denying his suppression motion. He also contends the court imposed an unreasonable sentence. We affirm.

Tinson first challenges the denial of his motion to suppress evidence seized from his motel room. We review an order denying a motion to suppress evidence solely to determine whether the evidence of record supports the factual findings, inferences and legal conclusions of the suppression court. See Commonwealth v. Taylor, 850 A.2d 684, 686 (Pa. Super. 2004). If

the record supports the court's factual findings, we may reverse only for an error of law. See id.

Here, Tinson argues the court erred "by determining that probable cause existed to issue the warrant to search the hotel room" he rented. Appellant's Brief, at 5. To determine whether a request for a search warrant is supported by probable cause, we evaluate the totality of the circumstances. See Commonwealth v. Gray, 503 A.2d 921, 926 (Pa. 1985). As such,

> [t]he task of the issuing magistrate is simply to make a practical, commonsense decision whether, given all the circumstances set forth in the affidavit before him, including the veracity and basis of knowledge of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. And the duty of a reviewing court is simply to ensure that the magistrate had a substantial basis … for conclud[ing] that probable cause existed.

Id., at 925 (internal quotation marks and citations omitted).

Our inquiry into the existence of probable cause is limited to the information contained within the four corners of the affidavit of probable cause. See Commonwealth v. Coleman, 830 A.2d 554, 560 (Pa. 2003).

Tinson challenges the reliability of the informants cited in the affidavit of probable cause. We therefore summarize the contents of the affidavit.

The affidavit of probable cause relies on information from three anonymous informants. The first two, L.A. and J.K., are identified as heroin addicts who were arrested together. They were questioned separately, and both identified a man known as Nass, or Nassir, as their supplier. Both stated that Nass sold heroin out of his room in a local motel. Neither L.A. nor J.K.

knew the room number, but both identified the room as the second room from the end on the right side of the main building.

A police investigator contacted an employee of the motel with whom he had working relationship. The employee provided information in the past, which had been corroborated by other sources and had been deemed credible by the investigator. The investigator asked the employee about the occupant of the second room from the end of the right side of the main building.

The employee identified the occupant as Tinson. He noted that there was heavy traffic going to and from Tinson's room. Tinson paid for his room in cash, and had been seen with large sums of cash. The employee had previously submitted a copy of Tinson's driver's license to a different police department, based on the employee's belief that Tinson was dealing narcotics out of the motel.

The investigator obtained a photograph of Tinson and showed it to J.K. and L.A. separately. Both J.K. and L.A. identified Tinson as the man they knew as Nass. Officers surveilled Tinson's room at the motel and identified Tinson as he entered the room. And a criminal history check on Tinson revealed that he had a long history of narcotics trafficking.

Tinson argues that the affidavit of probable cause did not provide the issuing magistrate with enough information to establish the reliability of the three anonymous informants. The credibility of an anonymous informant's information may be established through several means. See Commonwealth

v. Gindlesperger, 706 A.2d 1216, 1225 (Pa. Super. 1997). One option is to demonstrate that the information was corroborated from a different source. See id.

That is exactly what the investigator did here. L.A. and J.K. provided substantially similar descriptions of where and from whom they had purchased their heroin. Despite the fact they were arrested together, they were questioned separately. While perhaps not complete corroboration, their answers certainly provided some level of assurance.

Their information was further corroborated by information from the motel employee. While the affidavit does not reveal whether the employee had previously provided information that led to an arrest, the affidavit does explain that the employee had previously supplied information to police that had been independently corroborated.

The information provided by all three informants was corroborated by police observation of the identified room. Police saw the man that L.A. and J.K. identified as their dealer entering the motel room in question. A criminal records check of the man revealed an extensive history with narcotics trafficking.

All of this information was certainly enough to establish there was a fair probability heroin would be found in the motel room. Tinson's first issue on appeal merits no relief.

Tinson also challenges the thoroughness of the police investigation set forth in the affidavit. He argues the police observations of the motel room did not corroborate the employee's claim of heavy traffic in and out of the room. However, Tinson substitutes perfect for good enough in the analysis. Certainly, there is a minimum level of corroboration required. But every detail of an anonymous informant's tip need not be corroborated.

Here, the affidavit is more than sufficient to allow a common sense conclusion that heroin would be found in the motel room. Two individuals separately identified the motel room as the location where they purchased heroin. Both individuals identified Tinson as the man from whom they purchased heroin. A third individual identified Tinson as the man who had rented the room in cash. Furthermore, this individual revealed that he believed Tinson was dealing narcotics out of the room in question. Finally, police observed Tinson entering the room. The corroboration of these details was sufficient to allow the magistrate to conclude there was a fair probability that heroin would be found in the room. Tinson's second argument fails.

In his final argument, Tinson contends the court erred by imposing consecutive sentences that resulted in an aggregate term of imprisonment of 15 1/2 years to 31 years. However, Tinson's brief does not contain any argument on this issue. This issue is therefore waived. See Commonwealth v. Hardy, 918 A.2d 766, 771-774 (Pa. Super. 2007).

As none of Tinson's issues on appeal merit relief, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/17/2018