J-E03005-21

2022 PA Super 65

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| RIVER GARRETT STONE | : | No. 828 WDA 2020 |

Appeal from the Order Entered July 24, 2020
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000602-2019

BEFORE: PANELLA, P.J., BENDER, P.J.E., BOWES, J., OLSON, J., STABILE, J., KUNSELMAN, J., NICHOLS, J., KING, J., and McCAFFERY, J.

OPINION BY NICHOLS, J.:           **FILED: APRIL 12, 2022**

The Commonwealth appeals from the July 24, 2020 order denying its challenge to the proposed jury instruction filed by Appellee River Garrett Stone. The Commonwealth argues that the trial court erred when it agreed to instruct the jury that (1) medical marijuana is not a Schedule I controlled substance under Pennsylvania law;[1] and (2) in order to convict Appellee of Driving Under the Influence (DUI) in violation of 75 Pa.C.S. § 3802(d)(1), the Commonwealth was required to prove that the source of the marijuana discovered in Appellee's bloodstream was non-medical marijuana as opposed to medical marijuana. For the reasons herein, we are constrained to conclude

---

[1] As explained below, there are Schedule I controlled substances under both federal and state law. For purposes of our discussion, "Schedule I controlled substance" refers to Pennsylvania law unless otherwise specified.

that the trial court's ruling constituted legal error, therefore we reverse and remand this matter for further proceedings.

The trial court summarized the relevant facts of this case as follows:

On May 25, 2019, Trooper Brian Elensky was on patrol monitoring traffic and running radar on State Route 322 in Lawrence Township, Clearfield County. At approximately 6:00 p.m., he observed a vehicle which appeared to be traveling at a high rate of speed in the posted 55 mph speed limit. The Trooper's radar gun showed the vehicle to be traveling 74 mph. The vehicle was stopped [by the Trooper,] and [the driver of the car was Appellee]. As the Trooper approached [Appellee,] he smelled an odor or burnt marijuana and noticed the driver's eyes appeared slightly bloodshot and watery.[2] [Appellee] told Trooper Elensky [that] he had a medical marijuana card but indicated he did not have it in his possession. Upon further questioning[, Appellee] handed the Trooper a plastic bag containing a small amount of marijuana. Sobriety tests were then conducted and[, Appellee] was arrested for driving under the influence.

---

[2] Recently, in **Commonwealth v. Barr**, 266 A.3d 25 (Pa. 2021), our Supreme Court held that the smell of marijuana alone does not establish probable cause to conduct a warrantless search of a vehicle, but it may be considered as a factor in evaluating the totality of the circumstances. In that case, the seized marijuana was identified by the appellant as medical marijuana, and he produced a medical marijuana identification card that allowed him to possess and consume medical marijuana pursuant to the Medical Marijuana Act, 35 P.S. §§ 10231.101-10231.2110 (MMA). On appeal to our Supreme Court, the Majority noted that prior to the MMA's enactment, marijuana was *per se* illegal under the Controlled Substance, Drug, Device, and Cosmetic Act (CSA), 35 P.S. §§ 780-101–780-144. **Barr**, 266 A.3d at 40. However, after considering the juxtaposition of the MMA and the CSA, the Majority concluded that, because of the MMA, marijuana was no longer *per se* illegal in the Commonwealth of Pennsylvania. **Id.** at 40-41. Further, the Majority observed that to the extent the MMA conflicts with the CSA, the MMA "shall take precedence" and, therefore, "compliance with the MMA will not constitute a crime under the CSA." **See id.** at 41 (citing 35 P.S. § 10231.2101, and **Commonwealth v. Barr**, 240 A.3d 1263, 1278 (Pa. Super. 2020)).

At the time of the preliminary hearing, [Appellee] was represented by counsel and executed a Waiver thereof. The Commonwealth filed an Information which contained various counts. Count [1] charged driving under the influence of controlled substance – 3rd offense under 75 Pa.C.S. § 3802(d)(1)(i) felony of the third degree and alleged that [Appellee] drove while there was any amount of a Schedule I controlled substance in his blood, namely marijuana. Count [2] also charged driving under the influence of controlled substance – metabolite –3rd offense under 75 Pa.C.S. § 3802(d)(1)(iii) felony of the third degree and alleged that [Appellee] did operate the vehicle while there was any amount of a metabolite of a Schedule I controlled substance in his blood, again marijuana. Other charges listed in the information include driving under the influence of a drug or combination of drugs, 3rd offense (Section 3802(d)(2)) misdemeanor of the first degree; possession of a small amount of marijuana; use or possession of drug paraphernalia; and various traffic offenses including driving while operating privilege is suspended or revoked under [75 Pa.C.S. § 1543(a)].

On or about January 23, 2020[, Appellee's] counsel[, Joshua S. Maines], Esq., filed a petition for writ of *habeas corpus*/motion to quash criminal information (omnibus motion) on behalf of [Appellee]. The motion indicated that [Appellee's] blood was tested by NMS Labs for drug impaired driving toxicology analysis with the results being that [Appellee's] blood contained amounts of substances relating to the use of marijuana, being THC. It was also alleged that at the time of the incident [Appellee] was approved for and possessed a valid license to utilize approved marijuana substances for medical purposes. [Appellee's] motion requested that counts [1 and 2] of the information be dismissed as marijuana has an accepted medical use in Pennsylvania pursuant to the Medical Marijuana Act[3] (MMA) and that Pennsylvania's Controlled Substance Drug Device and Cosmetic Act[4] [(CSA)] defined a Schedule I controlled substance as a substance having no accepted medical use.

It is not contested in this case that [Appellee] had approval for the use of medical marijuana at the time the traffic stop took place

_____

[3] 35 P.S. §§ 10231.101–10231.2110.

[4] 35 P.S. §§ 780-101–780-144.

by Trooper Elensky. At the time of the hearing, [Appellee] presented evidence that consisted of a patient certificate showing [Appellee] had been diagnosed with post-traumatic stress disorder, being a serious medical condition under the MMA, and [he] was authorized as such to use medical marijuana. The patient certificate indicated different forms of medical marijuana could be recommended for patient's use. These included boxes to check for medical marijuana in the following forms: vaporizer or nebulizer; topical; liquid; oral; pill; and tincture. None of these boxes were checked, as it was recommended that the patient discuss the form of medical marijuana to be dispensed with a medical professional employed by the dispensary. The [c]ourt notes that marijuana in its plant form as commonly used illegally is not a form of medical marijuana. Therefore, if the substance provided by [Appellee] to the Trooper at the time of the vehicle stop was plant form of marijuana, it is illegal marijuana and does not qualify as a form of medical marijuana.[5] In addition, to the best of this [c]ourt's knowledge and application of common sense, use of any of the forms of approved marijuana do not produce the smell caused by the burning of illegal marijuana.[fn1]

[fn1] This would be an issue of proof at trial.

The [CSA] in 35 P.S. § 780-104 defines a Schedule I controlled substance as one that has "a high potential for abuse, no currently accepted medical use in the United States, and a lack of accepted safety for use under medical supervision." The Act lists marijuana as [a] Schedule I controlled substance. Pennsylvania's MMA became effective in May, 2016. 35 P.S. § 10231[.2110]. The MMA provides accepted medical use for marijuana for certain serious health conditions including post-traumatic stress syndrome. The MMA provides procedures for patients to apply for medical marijuana cards from the Pennsylvania Department of Health. Once a medical marijuana card is obtained, a patient possessing the card can legally purchase approved medical marijuana products at designated dispensaries and legally use the

_____

[5] We note that there is no absolute prohibition on plant form or dry-leaf marijuana under the MMA. Instead, the statute provides that medical marijuana may be dispensed in "a form medically appropriate for administration by vaporization or nebulization, excluding dry leaf or plant form until dry leaf or plant forms become acceptable under regulations adopted under section 1202[.]" 35 P.S. § 10231.303(b)(2)(iv).

medical marijuana products. As noted, the medical marijuana products are limited in terms of consumption and in terms of form. The MMA provides that patients legally using medical marijuana shall not be subject to "arrest, prosecution or penalty in any manner" with respect to offenses under [CSA], 35 P.S. § 10231.2103.

[Appellee's] omnibus motion asks that counts [1 and 2] of the information be dismissed, "as marijuana has an accepted medical use pursuant to the MMA and Pennsylvania's [CSA] defines a Schedule I controlled substance as one having no such accepted medical use." [Appellee's] argument is that marijuana can no longer be listed as a Schedule I [controlled] substance in 35 P.S. [§] 780-104, and a person who legally uses "medical marijuana legitimately for chronic conditions, which is an accepted medical purpose, would be at risk for prosecution" for driving under the influence "at all times, regardless of level of impairment and the legitimacy of their use." Paragraph 22 of omnibus motion. As such, [Appellee] asks that the DUI charges set forth in counts [1 and 2] be dismissed.

Trial Ct. Op., 5/29/20, at 1-4 (some formatting altered).

On May 29, 2020, the trial court denied Appellee's omnibus motion, and the case was scheduled for a jury trial. On the morning of trial, Appellee submitted proposed jury instructions. One of the proposed points for charge included a specific instruction that medical marijuana and its metabolites are not Schedule I controlled substances for purposes of DUI under 75 Pa.C.S. § 3802(d)(1)(i). Specifically, the trial court explained:

[Appellee's] counsel filed proposed points for charge, which included a modified version of Pa. SSJI (Crim) 17.3802(d)(1). The following language (in part) was requested:

EXCEPTION — I hereby instruct you that **Medical Marijuana (also Delta-9 THC)** is NOT a Schedule I controlled substance. Likewise, **Delta-9 Carboxy THC** and **11-hydroxy Delta-9 THC** are also metabolites of **Medical Marijuana**. To find [Appellee] guilty of DUI under this section, the Commonwealth must prove beyond a

reasonable doubt that [Appellee] had in his blood at the time he drove Marijuana or a Metabolite of Marijuana and not Medical Marijuana.

"Medical Marijuana is not listed in the CSA [(Controlled Substance Act)] as a Schedule I substance, only marijuana is listed.  The MMA [(Medical Marijuana Act)] provides a very limited and controlled vehicle for the legal use of medical marijuana by persons qualified under the MMA.  Outside the MMA, marijuana remains a prohibited Schedule I controlled substance for the general citizenry who are unqualified under the MMA."  *Commonwealth v. Jezzi*, 208 A.3d 1105, 1115 (Pa. Super. 2019) [(citations omitted)].

The [c]ourt indicated approval of this proposed charge, as it was consistent with the [c]ourt's pre-trial ruling making a distinction between illegal marijuana and legal marijuana products under the MMA.  The District Attorney took exception to this ruling which the [c]ourt dismissed.  The Commonwealth advised that an immediate appeal would be taken to the Superior Court.  The [c]ourt disagreed with the Commonwealth's position but agreed it had the legal authority to appeal pretrial.  The jury was then discharged and the trial cancelled.

Trial Ct. Op., 9/3/20, at 2 (emphasis in original and some formatting altered).

The Commonwealth filed a timely appeal on August 5, 2020, and a timely amended notice of appeal on August 6, 2020.[6]  Both the Commonwealth and the trial court complied with Pa.R.A.P. 1925.

On appeal, the Commonwealth presents the following issues:

_____

[6] In both its initial notice of appeal and amended notice of appeal, the Commonwealth certified that the trial court's order substantially handicapped or terminated the prosecution.  Notice of Appeal, 8/5/20; Am. Notice of Appeal, 8/6/20.  We conclude that this appeal is properly before our Court. *See Commonwealth v. Holston*, 211 A.3d 1264, 1268 (Pa. Super. 2019) (*en banc*) (stating that, pursuant to Pa.R.A.P. 311(d), the Commonwealth has the right to appeal an interlocutory order in a criminal case if the Commonwealth certifies that the order will terminate or substantially handicap the prosecution).

1. Did the trial court err when it dismissed the Commonwealth's objection to [Appellee's] proposed jury instruction?

2. Did the trial court err when it held that medical marijuana is not a Schedule I controlled substance?

   a. Does the classification of marijuana as a Schedule I controlled substance create a positive conflict of law between the state and federal controlled substances acts?

3. Can a defendant be found guilty of DUI pursuant to 75 Pa.C.S. § 3802(d)(1) if that defendant has any amount of marijuana in his system after driving a motor vehicle, even if the defendant has a medical marijuana card?

Commonwealth's Brief at 7 (some formatting altered).

**Proposed Jury Instructions**

The Commonwealth's first two issues are interrelated, and we address them concurrently. Generally, in an appeal challenging jury instructions following a conviction and the imposition of sentence, our standard of review is for an abuse of discretion or an error of law controlling the outcome of the case. *Commonwealth v. Williams*, 241 A.3d 1094, 1109 (Pa. Super. 2020). In such circumstances, a jury charge "will be found adequate unless the issues are not made clear, the jury was misled by the instructions, or there was an omission from the charge amounting to a fundamental error." *Id.* (citation omitted).

However, in the instant case, the Commonwealth appeals a pre-trial order denying its challenge to proposed jury instructions on the basis that the trial court's instruction altered the statutory definition for the elements of the DUI offense. Because the Commonwealth's appeal concerns the accuracy of

the law set forth in the proposed jury instruction, the propriety of those instructions is a question of law. *See, e.g.*, *Commonwealth v. Myers*, 621 A.2d 1009, 1013 (Pa. Super. 1993). "As with all questions of law on appeal, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Lee*, 260 A.3d 208, 211 (Pa. Super. 2021) (some formatting altered and citation omitted); *see also United States v. Spillone*, 879 F.2d 514, 525 (9th Cir. 1989) (stating that although a reviewing court considers jury instructions as a whole to evaluate their adequacy, the issue of "whether a jury instruction misstated elements of a statutory crime is a question of law and is reviewed *de novo*" (citations omitted)), *cert. denied*, 498 U.S. 878, 111 S.Ct. 210 (1990).[7]

The Commonwealth contends that the trial court erred when it agreed to instruct the jury that medical marijuana was not a Schedule I controlled substance for purposes of 75 Pa.C.S. § 3802(d)(1), and that the Commonwealth was required to prove that Appellee had illegal marijuana in his bloodstream. Commonwealth's Brief at 12. In support, the Commonwealth asserts that all marijuana, both medical and non-medical, remains a Schedule I controlled substance under the CSA. *Id.* at 13-15. Additionally, the Commonwealth points out that the Legislature had ample opportunity to accommodate medical marijuana use under the DUI statute

---

[7] Although federal circuit court decisions are not binding on this Court, they may be considered for their persuasive value. *Commonwealth v. Little*, 246 A.3d 312, 328 n.18 (Pa. Super. 2021).

and/or remove marijuana from the list of Schedule I controlled substances, but it has chosen not to do so. **Id.** at 14-15.

Appellee responds that the trial court was correct in distinguishing between medical marijuana and non-medical marijuana. Appellee's Brief at 12. Appellee contends that medical marijuana is not a Schedule I controlled substance pursuant to **Jezzi**. **Id.** at 13-15. In support, Appellee explains:

> If 75 Pa.C.S. § 3802(d)(1) applies to medical marijuana, any medical marijuana patient is perpetually at risk for DUI at any time of driving. It is an absurd and untenable position to hold that the MMA intends for this outcome. On the contrary, common sense dictates that the MMA intends the opposite, which is consistent with the ruling in **Jezzi** and consistent with the proposed jury instruction in this matter. **Jezzi**[, 208 A.3d] at 1115. **Jezzi** nor the proposed instruction prohibits the Commonwealth from prosecuting a medical marijuana patient for being impaired by medical marijuana to extent that renders that patient incapable of safe driving.

**Id.** at 21. Therefore, Appellee concludes that the Legislature intended to protect medical marijuana patients from prosecution under 75 Pa.C.S. § 3802(d)(1). **Id.**

The relevant portion of the DUI statute states as follows:

> **(d) Controlled substances.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> (1) There is in the individual's blood any amount of a:
>
> (i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act;
>
> (ii) Schedule II or Schedule III controlled substance, as defined in The Controlled Substance, Drug, Device and

> Cosmetic Act, which has not been medically prescribed for the individual; or
>
> (iii) metabolite of a substance under subparagraph (i) or (ii).

75 Pa.C.S. § 3802(d)(1) (footnote omitted).

The MMA became effective on May 17, 2016, and it provides for the use of medical marijuana in Pennsylvania. *See* 35 P.S. §§ 10231.101–10231.2110. The MMA defines medical marijuana as "[m]arijuana for certified medical use as set forth in this act." *Id.* at § 10231.103. "Notwithstanding any provision of law to the contrary, use or possession of medical marijuana as set forth in this act is lawful within this Commonwealth." 35 P.S. § 10231.303(a). Conversely, the use of medical marijuana beyond the parameters set forth in the MMA is unlawful. *Id.* at § 10231.304.

The MMA states that a medical marijuana patient shall not be "subject to arrest, prosecution or penalty in any manner, or denied any right or privilege, including civil penalty or disciplinary action by a Commonwealth licensing board or commission, solely for lawful use of medical marijuana[.]" *Id.* at § 10231.2103(a)(1). However, authorized use is not a defense to violations of 75 Pa.C.S. § 3802(d)(1). *See* 75 Pa.C.S. § 3810 (stating that "[t]he fact that a person charged with violating this chapter is or has been

- 10 -

legally entitled to use alcohol or controlled substances is not a defense to a charge of violating this chapter").[8]

The DUI statute specifically states that an individual may not operate a motor vehicle if there is a Schedule I controlled substance in that individual's blood.[9] Further, as referenced in the DUI statute, the list of Schedule I

---

[8] **Compare** Ariz. Rev. Stat. § 36-2811(A)(2). **See also Dobson v. McClennen**, 361 P.3d 374, 378 (Ariz. 2015) (stating that the Arizona Medical Marijuana Act (AMMA) provides an affirmative defense to a defendant charged under statute governing driving while marijuana or its metabolite is in the body where the defendant can show that he or she was authorized to use medical marijuana and that the concentration of marijuana or its impairing metabolite in his body was insufficient to cause impairment); **State ex rel. Montgomery v. Harris**, 322 P.3d 160, 161 (Ariz. 2014) (concluding that although Ariz. Rev. Stat. § 28-1381(A)(3) makes it unlawful for a driver to be in actual physical control of a vehicle if there is "any drug defined in [Ariz. Rev. Stat.] § 13-3401 or its metabolite in the person's body," the phrase "its metabolite" does not include Carboxy-Tetrahydrocannabinol ("Carboxy-THC"), a non-impairing metabolite of cannabis, a proscribed drug listed in § 13-3401).

[9] We acknowledge the rapidly evolving state of the law regarding both medical and non-medical marijuana. Indeed, in Pennsylvania, legislation introduced on October 18, 2021, seeks to amend the DUI statutes, and among other things, remove marijuana from the list of Schedule I controlled substances in the CSA. **See** 2021 PA S.B. 473. Additionally, there have been efforts to remove marijuana from its Schedule I controlled substance designation at the federal level. **See Sisley v. U.S. Drug Enforcement Administration**, 11 F.4th 1029, 1031 (9th Cir. 2021); **see also Washington v. Barr**, 925 F.3d 109, 113 (2nd Cir. 2019). In **Sisley**, the Ninth Circuit Court of Appeals dismissed the matter due to petitioners' failure to exhaust their administrative remedies. **Sisley**, 11 F.4th at 1036. However, in **Washington**, the Second Circuit Court of Appeals, while agreeing with the district court that the plaintiffs should attempt to exhaust their administrative remedies, noted that it is "troubled by the Drug Enforcement Administration (DEA)'s history of dilatory proceedings." **Washington**, 925 F.3d at 113. The **Washington** Court noted that it concurred with the district court's ruling regarding

controlled substances are set forth in the CSA, and that list currently includes marijuana. 35 P.S. § 780-104(1)(iv). Despite the rapidly changing state of the law in this area, as of the date of this opinion, neither 75 Pa.C.S. § 3802(d)(1) nor 35 P.S. § 780-104(1)(iv) make a distinction between medical and non-medical marijuana.

In **Jezzi**, this Court explained that the MMA "create[d] a **temporary** program for qualified persons to access medical marijuana, for the safe and effective delivery of medical marijuana, and for research into the effectiveness and utility of medical marijuana." **Jezzi**, 208 A.3d at 1111 (citing 35 P.S. §§ 10231.102(1)-(4), 10231.301).[10] However, the Court emphasized that

exhausting administrative remedies, but it did not dismiss the matter. **Id.** The Second Circuit Court continues to hold this matter in abeyance, which to date remains pending. **Id.** at 122. Further, we note that even if the Pennsylvania Legislature enacted legislation to remove the Schedule I designation from marijuana under state law, such action would not impact the federal schedule for controlled substances. **See** 21 U.S.C. § 812(Schedule I)(c)(10); **see also** 21 C.F.R. § 1308.11(d)(23), (58). Accordingly, even if the schedule designation for marijuana under state law is changed, marijuana would retain its Schedule I designation under federal law unless and until federal legislation amends the federal controlled substances schedule. The Supremacy Clause, U.S. CONST., art. VI, cl. 2, establishes that the federal constitution and federal law generally, has precedence over state law, including state constitutions.

[10] The **Jezzi** Court described the temporary nature of the MMA as follows:

In essence, the MMA creates a **temporary** program for qualified persons to access medical marijuana, for the safe and effective delivery of medical marijuana, and for research into the effectiveness and utility of medical marijuana. [35 P.S. § 10231.102(1)-(4)]; 35 P.S. § 10231.301. Significantly, the MMA does not declare that marijuana is safe and effective for medical

although "[t]he MMA provides a very limited and controlled vehicle for the legal use of medical marijuana by persons qualified under the MMA[,]" marijuana remains to be an illegal substance for possession under the CSA. *Id.* at 1115.

This Court has noted that "[t]he MMA anticipates the removal of marijuana from Schedule I (*see* 35 P.S. § 10231.2108),[11] but our General Assembly has not done so." *Commonwealth v. Handley*, 213 A.3d 1030, 1037 n.3 (Pa. Super. 2019), *abrogated on other grounds by Commonwealth v. Barr*, 240 A.3d 1263, 1279 (Pa. Super. 2020), *vacated and remanded by Commonwealth v. Barr*, 266 A.3d 25 (Pa. 2021).  To date, the General Assembly has not enacted legislation amending the MMA, CSA, or the DUI statutes to remove marijuana from its Schedule I designation under state law.[12]

_____

use; instead, the MMA is a temporary vehicle to access the substance pending research into its medical efficacy and utility. 35 P.S. § 10231.102(1)-(4).

*Jezzi*, 208 A.3d at 1111.

[11] Section 10231.2108 provides: "Upon amendment of the Controlled Substances Act (Public Law 91-513, 84 Stat. 1236) removing marijuana from Schedule I of the Controlled Substances Act, the department shall publish notice of the effective date of the amendment in the Pennsylvania Bulletin." 35 P.S. § 10231.2108 (footnote omitted).

[12] Other states have designated **medical marijuana** as a Schedule II controlled substance for purposes of state law, while **non-medical marijuana** remains classified as a Schedule I controlled substance.  ***See,***

As the Commonwealth notes, a reasonable conclusion to be drawn from this legislative inaction "is that the legislature intends for all marijuana, both medical and non-medical to remain a Schedule I controlled substance." Commonwealth's Brief at 15.  Upon review, we are constrained to conclude that at the present time, the Schedule I designation for marijuana, which includes medical marijuana, remains in place in the Commonwealth of Pennsylvania pending further legislative action.  ***See Handley***, 213 A.3d at 1037; ***Jezzi***, 208 A.3d at 1115; ***see also*** 35 P.S. § 780-104(1)(iv).

Although the record indicates that Appellee is a medical marijuana patient, the relevant DUI statute specifically prohibits driving with the presence of any amount of a Schedule I controlled substance in the driver's blood, regardless of the driver's status as an authorized user.[13]  ***See*** 75 Pa.C.S. §§ 3802(d)(1)(i), 3810.  Additionally, "despite the passage of the MMA, it still is illegal in Pennsylvania to smoke or vape marijuana while driving."  ***Commonwealth v. Grooms***, 247 A.3d 31, 40 n.11 (Pa. Super.

---

***e.g.***, MCL 333.7212(1)(c), 333.7214(e) (Mich.); R.C. 3796.01(B) (Ohio), Ohio Admin. Code 4729:9-1-01(D)(23).

[13] As noted, marijuana remains a Schedule I controlled substance at the federal level.  ***See*** 21 U.S.C. § 812(b)(1)(B), (Schedule I)(c)(10).  In its second claim of error and as an alternative issue, the Commonwealth asserted that if this Court concluded that the MMA removed marijuana from Pennsylvania's list of Schedule I controlled substances, there would be a conflict with federal law and the Federal Controlled Substances Act, 21 U.S.C. §§ 801-971.  Commonwealth's Brief at 16.  However, at this juncture, the MMA has not changed the Schedule I designation for marijuana under Pennsylvania law, therefore, we need not address the Commonwealth's claim of error concerning this issue.

2021) (citation omitted). If an individual ingests marijuana while driving, it is immaterial whether the marijuana is medical or non-medical or if that individual possesses a valid medical marijuana card; driving while smoking or vaping marijuana remains illegal. *See id.*

Here, it is unclear if Appellee was vaping or smoking marijuana. However, it is undisputed that Appellee was driving a motor vehicle at a time when detectable amounts of marijuana were discovered in his blood stream. As stated above, neither the DUI statute nor CSA currently distinguish between medical and non-medical marijuana. Accordingly, the instant jury instruction requiring the Commonwealth to prove that the marijuana in Appellee's blood resulted from non-medical marijuana is a misstatement of law. Additionally, Appellee's argument concerning legislative intent is unavailing in that, currently, marijuana has not been removed from its Schedule I designation. *See* Appellees' Brief at 21 (concluding that the Legislature intended to protect medical marijuana patients from prosecution under 75 Pa.C.S. § 3802(d)(1)).

For these reasons, we conclude that the trial court erred by denying the Commonwealth's objection to Appellee's proposed jury instruction.

**Liability Under 75 Pa.C.S. § 3802(d)(1)**

In its remaining issue, the Commonwealth asks this Court to determine whether a defendant can be found guilty of DUI pursuant to 75 Pa.C.S. § 3802(d)(1) if that defendant has any amount of marijuana in his system while driving a motor vehicle, even if that defendant has a medical marijuana card.

- 15 -

Commonwealth's Brief at 20-21. The Commonwealth further argues that Section 3802(d)(1) imposes strict liability for violation of the Motor Vehicle Code with respect to marijuana. Commonwealth's Brief at 19-21.

However, the record reflects that the Commonwealth sought an interlocutory appeal solely based on the trial court's acceptance of Appellee's proposed jury instructions. Notice of Appeal, 8/5/20; Am. Notice of Appeal, 8/6/20; *see also* Pa.R.A.P. 311(d). Further, the adjudication of Appellee's case remains pending and is not before this Court in this interlocutory appeal. Therefore, we need not address this argument.

Additionally, it is not for this Court to rule on hypothetical legal questions. Were we to provide guidance in this issue, it would amount to an impermissible advisory opinion. *See Commonwealth v. Koehler*, 229 A.3d 915, 940 (Pa. 2020) (reiterating that Pennsylvania courts "do not render decisions in the abstract or offer purely advisory opinions" (quoting *Pittsburgh Palisades Park, LLC, v. Commonwealth*, 888 A.2d 655, 659 (Pa. 2005)); *see also Commonwealth v. Enix*, 192 A.3d 78, 84 n.5 (Pa. Super. 2018) (explaining that an advisory opinion is one that is unnecessary to decide the issue before the court, and this Court is precluded from issuing such opinions (citation omitted)). As noted, the adjudication of Appellee's case is to be determined in the trial court. Therefore, we will not attempt to prognosticate Appellee's case prior to his trial, as it would exceed the scope of our appellate review concerning the question on appeal. *See Lee*, 260 A.3d at 211 (noting our scope of review).

Likewise, we do not reach the Commonwealth's argument that Section 3802(d)(1) imposes strict liability for violations of the Motor Vehicle Code with respect to marijuana. As we have discussed, the MMA rendered marijuana no longer *per se* illegal in the Commonwealth of Pennsylvania. **See Barr**, 266 A.3d at 40-41. However, **Barr** did not address the interplay between the MMA and Pennsylvania's DUI statutes other than its determination that, to the extent the MMA conflicts with the CSA, the MMA "shall take precedence." **Id.** at 41 (citation omitted). Notably, the MMA did not strike the CSA Schedule I designation. As discussed herein, we acknowledge that there is pending legislation to amend Pennsylvania DUI statutes by removing marijuana from the list of Schedule I controlled substances. However, at present, the Schedule I classification does not distinguish between medical and non-medical marijuana. Therefore, the DUI statute remains applicable to all forms of marijuana.

Given the newness and temporary programmatic nature of the MMA,[14] its interpretation could change such that its juxtaposition with Pennsylvania DUI statutes may be altered through legislative action or other changes to federal and state law as well as the appellate disposition of our Supreme Court. However, at this juncture as an appellate court, we are charged to interpret the law as it is now, not what we want it to be, or what it might be in the future. **See Commonwealth v. Ruffin**, 16 A.3d 537, 543 n.12 (Pa. Super.

---

[14] **See Jezzi**, 208 A.3d at 1111; **see also** 35 P.S. § 10231.303(b)(2)(iv).

2011). Accordingly, whether Section 3802(d)(1) imposes strict liability for violations of the Motor Vehicle Code for medical marijuana remains an issue that the trial court must determine based on current Pennsylvania law and the facts of this case.

## Conclusion

In sum, marijuana[15] remains a Schedule I controlled substance under current Pennsylvania law and, therefore, the Commonwealth is not required to prove that the marijuana in an individual's bloodstream is non-medical marijuana for purposes of proving DUI. For these reasons, we conclude that the trial court committed an error of law when it denied the Commonwealth's challenge to Appellee's proposed jury instruction. Accordingly, we reverse the order denying the Commonwealth's challenge to Appellee's proposed jury instructions and remand this matter for further proceedings.

Order reversed. Case remanded for trial consistent with this opinion. Jurisdiction relinquished.

---

[15] In its *amicus curiae* brief, the Pennsylvania Association of Criminal Defense Lawyers (PACDL) argues, among other things, that medical marijuana is not a Schedule I controlled substance in Pennsylvania. PACDL *Amicus Curiae* Brief at 4. As discussed, we disagree based on the current status of Pennsylvania and federal law.

J-E03005-21

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  04/12/2022