J-A01047-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| BRANDON LEE BIXLER | : | |
| | : | |
| Appellant | : | No. 680 MDA 2021 |

Appeal from the Judgment of Sentence Entered May 20, 2021
In the Court of Common Pleas of Adams County
Criminal Division at No(s):  CP-01-CR-0001540-2020

BEFORE:  LAZARUS, J., NICHOLS, J., and KING, J.

JUDGMENT ORDER BY KING, J.:                    **FILED:  APRIL 26, 2022**

Appellant, Brandon Lee Bixler, appeals from the judgment of sentence entered in the Adams County Court of Common Pleas, following his stipulated bench trial convictions for four counts of driving under the influence ("DUI"), and one count each of driving on right side of roadway, driving on roadways laned for traffic, driving vehicle at safe speed, and careless driving.[1]  We affirm.

The relevant facts and procedural history of this case are as follows.  On August 19, 2020, police pulled over Appellant's vehicle for speeding and other motor vehicle violations.  The officer immediately smelled an odor of marijuana, and Appellant admitted to having smoked marijuana the day

---

[1] *See* 75 Pa.C.S.A. §§ 3802(d)(1)(i), (d)(1)(ii), (d)(1)(iii), (d)(2), 3301(a), 3309(1), 3361, and 3714(a), respectively.

before and produced a valid medical marijuana card. The Commonwealth subsequently charged Appellant with the above-mentioned offenses.

On February 18, 2021, Appellant filed an omnibus pre-trial motion seeking to dismiss the DUI charges at Counts 1 and 3 of the criminal information, which alleged violations under 75 Pa.C.S.A. §§ 3802(d)(1)(i) (prohibiting individual from driving, operating, or being in actual physical control of movement of vehicle where individual's blood has any amount of Schedule I controlled substance) and 3802(d)(1)(iii) (prohibiting individual from driving, operating, or being in actual physical control of movement of vehicle where individual's blood has any amount of metabolite of Schedule I controlled substance). Appellant argued, *inter alia*, that because he possessed a valid medical marijuana card, medical marijuana could not be considered a Schedule I controlled substance.

The court denied Appellant's motion on March 11, 2021. Appellant proceeded to a stipulated bench trial on May 20, 2021, and the court convicted Appellant of all offenses. The court sentenced Appellant that day to an aggregate 72 hours to six months' imprisonment, with credit for time served, and immediate parole. Appellant timely appealed on June 2, 2021. The next day, the court ordered Appellant to file a concise statement pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on June 24, 2021.

On appeal, Appellant asks: "Did the [trial] court err in determining that Appellant's valid prescription for medical marijuana, and the legal ingestion

thereof, did not prevent prosecution under Sections 3802(d)(1)(i) and 3802(d)(1)(iii) of the Vehicle Code?" (Appellant's Brief at 4).

During the pendency of this appeal, this Court issued its decision in **Commonwealth v. Stone**, No. 828 WDA 2020, 2022 PA Super 65 (Pa.Super. filed Apr. 12, 2022) (*en banc*), which is dispositive of Appellant's issue. In **Stone**, this Court addressed whether medical marijuana is a Schedule I controlled substance under Pennsylvania law. This Court observed that, as referenced in the DUI statute, the list of Schedule I controlled substances are set forth in the Controlled Substance, Drug, Device, and Cosmetic Act ("CSA") (**see** 35 P.S. §§ 780-101 through 780-144), and that list currently includes marijuana. **See** 35 P.S. § 780-104(1)(iv). "Despite the rapidly changing state of the law in this area, … neither 75 Pa.C.S. § 3802(d)(1) nor 35 P.S. § 780-104(1)(iv) make a distinction between medical and non-medical marijuana." **Stone, supra** at 12.

Significantly, the **Stone** Court noted that while the Medical Marijuana Act ("MMA") (**see** 35 P.S. §§ 1023.1.101 through 10231.2110) anticipates the removal of marijuana from Schedule I, our General Assembly has not yet done so. "To date, the General Assembly has not enacted legislation amending the MMA, CSA, or the DUI statutes to remove marijuana from its Schedule I designation under state law." **Stone, supra** at 13. Therefore, "at the present time, the Schedule I designation for marijuana, which includes medical marijuana, remains in place in the Commonwealth of Pennsylvania pending

further legislative action." *Id.* at 14. Consequently, "the relevant DUI statute specifically prohibits driving with the presence of any amount of a Schedule I controlled substance in the driver's blood, regardless of the driver's status as an authorized user." *Id.*

Here, Appellant's argument is premised on his assertion that medical marijuana is not a Schedule I controlled substance. Based on this Court's decision in *Stone*, Appellant is not entitled to relief. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 04/26/2022