J-A06039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NICHOLAUS ALLEN HANEY | : | |
| | : | |
| Appellant | : | No. 510 WDA 2021 |

Appeal from the Judgment of Sentence Entered April 6, 2021
In the Court of Common Pleas of Armstrong County Criminal Division at
No: CP-03-CR-0000307-2020

BEFORE: MURRAY, J., SULLIVAN, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED: JUNE 28, 2022**

Appellant, Nicholaus Allen Haney, appeals from the aggregate judgment of sentence of 30 days to six months of confinement, which was imposed after his non-jury trial conviction for driving under the influence (DUI) of a controlled substance and operation of a vehicle without official certificate of inspection.[1] We affirm.

The facts underlying this appeal are as follows.

> On January 10, 2020, Pennsylvania State Police Trooper Codi Walker was traveling on Butler Rd. in Kittanning when she drove past a Black Chevy Tahoe lacking a visible inspection sticker. Trooper Walker was traveling in the opposite direction of the Tahoe so she turned around, pursued, and initiated a traffic stop.

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S. §§ 3802(d)(1)(i), 3802(d)(1)(iii), and 4703, respectively.

The Tahoe came to a stop on Kittanning Citizens Bridge in the right-hand lane if driving eastbound toward the courthouse.

Trooper Walker approached the driver's side door of the Tahoe and noted there was one occupant, identified at trial as Nicholaus Allen Haney. She asked him standard questions such as whether he had any weapons, drugs, had been drinking, was under the influence of any drugs, or if he was taking any prescriptions. Appellant replied that he had a prescription for medical marijuana, and that he uses it most nights, including the previous one. Trooper Walker noticed that Appellant appeared to be fidgety and nervous, and asked him to lean back and close his eyes. At this point Trooper Walker observed that Appellant's eyes were "bouncing around," which, based on her experience as a law enforcement officer, she identified as a side effect of marijuana use. She then asked Appellant to step out of the vehicle to perform Standard Field Sobriety Tests.

Trooper Walker found Appellant's performance on these tests dissatisfactory enough to place him under arrest for suspicion of driving under the influence. He was transported to Armstrong County Memorial Hospital for a blood draw, to which he consented. The toxicology report found that, at the time of testing, Haney had 1.2 nanograms of Delta-9 THC ("THC") per milliliter of blood, with a margin of error of 0.2 nanograms per milliliter, and 5.4 nanograms per milliliter of Delta-9 Carboxy-THC ("Carboxy THC"), with a margin of error of 1 nanogram per milliliter. THC is the principle psychoactive element in marijuana, and Carboxy-THC is the inactive metabolite of THC, which is present in the bloodstream after marijuana use.

Trial Court Opinion (TCO), at 2-3.

Appellant was charged by criminal complaint on February 18, 2020 with two counts of DUI, careless driving, 75 Pa.C.S. § 3714(a), general lighting requirements, 75 Pa.C.S. § 4303(b), and operation of a vehicle without official certificate of inspection. Appellant proceeded to a non-jury trial on January 14, 2021 and on January 20, 2021 the trial court found Appellant guilty of both counts of DUI and of operation of a vehicle without an official certificate

of inspection. Order, 1/20/21.[2] The trial court sentenced Appellant on April 6, 2021. Order, 4/6/21.

On April 20, 2021, Appellant filed this timely notice of appeal.[3] Appellant presents the following issues for our review:

1. Was there insufficient evidence to find the Defendant guilty of violation of 75 Pa.C.S. section 3802(d)(1)(i) and 3802(d)(1)(iii) beyond a reasonable doubt where the evidence did not establish that the substance(s) in the Defendant's blood were either a Schedule I controlled substance or a metabolite of a Schedule I controlled substance, in that medical marijuana is not a Schedule I controlled substance under the Pennsylvania Controlled Substance Act.

2. Does the interplay between the [Medical Marijuana Act] and 75 Pa.C.S. Sections 3802(d)(1)(i) and 3802(d)(1)(iii) result in ambiguousness and uncertainty to the extent that prosecution of a medical marijuana patient under these sections violate the Rule of Lenity?

3. Does 35 P.S. Section 10231.2103(a) make medical marijuana patients immune from prosecution under the "per se" provisions of 75 Pa.C.S. Sections 3802(d)(1)(i) and 3802(d)(1)(iii) which criminalize any amount of marijuana and its metabolites in a person's bloodstream at the time of driving.

4. Are 75 Pa.C.S. Sections 3802(d)(1)(i) and 3802(d)(1)(iii), and 35 PS Section 780-104(1)(iv) unconstitutionally vague

---

[2] The trial court held the verdict under advisement for Appellant to provide it with case law, **Commonwealth v. Jezzi** 208 A.3d 1105 (Pa. Super. 2019), for the trial court to review. N.T., 1/14/21, at 46-47. On January 20, 2021, the trial court filed its verdict and memorandum in support thereof.

[3] On April 21, 2021, the trial court ordered Appellant to file a Pa.R.A.P. 1925(b) statement. Order, 4/21/21. Appellant filed a timely Rule 1925(b) statement on May 11, 2021. Rule 1925(b) statement, 5/11/21. The trial court filed its Rule 1925(a) opinion on June 16, 2021.

and overbroad, and thereby in violation of the Defendant's right to due process under the 14th Amendment of the United States Constitution and Article I, Section 1 of the Pennsylvania Constitution?

5. Does the application of 75 Pa.C.S. Sections 3802(d)(1)(i) and 3802(d)(1)(iii) to medical marijuana patients (including the Defendant) covered under the Medical Marijuana Act, 35 P.S. Sections 10231.101-10231.2110 (MMA) violate the principles of Equal Protection under the 14th Amendment of the United States Constitution and Article I, Section 1 of the Pennsylvania Constitution, thereby making the specified DUI statues unconstitutional as applied to the Defendant.

6. Does the application of 75 Pa.C.S. Sections 3802(d)(1)(i) and 3802(d)(1)(iii) to medical marijuana patients create an improper irrebuttable presumption in violation of the Irrebuttable Presumption Doctrine and thus violate the due process protections of the 14th Amendment of the United States Constitution and Article I, Section 1 of the Pennsylvania Constitution?

Appellant's Brief, at 2-3 (suggested answers omitted) (reordered for ease of discussion).

Appellant argues that the Commonwealth presented insufficient evidence to establish that he had a Schedule I substance or the metabolite of a Schedule I substance in his blood, because "medical marijuana" is not a Schedule I controlled substance in Pennsylvania within the meaning of those provisions. Appellant's Brief, at 11.

Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so

weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (citation omitted).

The relevant portion of the DUI statute states as follows:

> **(d) Controlled substances.—**An individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:
>
> (1) There is in the individual's blood any amount of a:
>
> (i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act;
>
> . . .
>
> (iii) metabolite of a substance under subparagraph (i) or (ii).

75 Pa.C.S. § 3802(d)(1)(i), (iii).

> Section 3802(d)(1) does not require that a driver be impaired; rather, it prohibits the operation of a motor vehicle by *any* driver who has *any* amount of specifically enumerated controlled substances in his blood, regardless of impairment.

*Commonwealth v. Etchison*, 916 A.2d 1169, 1174 (Pa. Super. 2007).

During the pendency of this appeal, this Court decided the question of whether medical marijuana is a Schedule I controlled substance under Pennsylvania law and determined,

> at the present time, the Schedule I designation for marijuana, which includes medical marijuana, remains in place in the

Commonwealth of Pennsylvania pending further legislative action.

***Commonwealth v. Stone***, ___ A.3d ___, ___, 2022 PA Super 65, at *7 (filed April 12, 2022) (*en banc*) (citations omitted); ***See***, ***Commonwealth v. Dabney***, ___ A.3d ___, ___, 2022 PA Super 82, at *6 (filed May 5, 2022) ("[M]edical marijuana remains a Schedule I controlled substance for purposes of Section 3802(d)(1)."). This Court noted that

> [t]he MMA anticipates the removal of marijuana from Schedule I (***see*** 35 P.S. § 10231.2108), but our General Assembly has not done so. . . . To date, the General Assembly has not enacted legislation amending the MMA, CSA, or the DUI statutes to remove marijuana from its Schedule I designation under state law.

***Stone***, ___ A.3d at ___, slip op. at *7 (quotation marks, footnote, and citations omitted).[4]

At trial, the Commonwealth admitted into evidence a copy of the laboratory report containing the results of the blood draw from Appellant on the night he was arrested. N.T., 1/14/21, at 14. The report indicated that Appellant had 5.4 nanograms per milliliter of Delta-9 carboxy THC, plus or minus 1.0, in his blood. ***Id***., at 15; Commonwealth Exhibit, 1. The report indicated that Delta-9 Carboxy is the inactive metabolite of THC, the major active component of marijuana. Commonwealth Exhibit, 1. The report also

_____

[4] We note there is proposed legislation at 2021 PA S.B. 473 to amend Chapter 75 (Vehicles) and Chapter 35 (Health and Safety) so that marijuana is not considered a Schedule I controlled substance. As of the date of this memorandum, the legislation has been assigned to the committee on law and justice. ***See*** 2021 Pennsylvania Senate Bill No. 473, Pennsylvania Two Hundred Fifth General Assembly - 2021-2022.

indicated that Appellant had 1.2 nanograms per milliliter of Delta-9 THC, plus or minus 0.2. N.T., 1/14/21, at 15; Commonwealth Exhibit, 1. Appellant testified that he ingested medical marijuana, through vaporization, at approximately 11:00 or 11:30 the night before he drove. N.T., 1/14/21, at 31.

Marijuana, including medical marijuana, is a Schedule I controlled substance. **See Stone**, ___ A.3d at ___, slip op. at *7 (citations omitted); **See also**, **Dabney**, ___ A.3d at ___, slip op. at *6. We find the Commonwealth provided sufficient evidence to support Appellant's conviction for Section 3802(d)(1)(i) and (iii). Therefore, Appellant's sufficiency claim fails.

Next, Appellant argues that "the prosecution of Appellant and medical marijuana patients for violation of 75 Pa.C.S. Sections 3802(d)(1)(i) & (iii) violates the rule of lenity." Appellant's Brief, at 30. Appellant argues that the "interplay between the MMA [35 P.S. Section 10231.2103(a)] and the DUI statutes [75 Pa.C.S. Sections 3802(d)(1)(i) & (iii)] creates an ambiguity which must be decided in favor of defendants . . . to treat medical marijuana as a prescription drug, and not a Schedule I drug, and to apply the DUI provisions dealing with actual impairment against medical marijuana patients." **Id**., at 32-35.

Appellant argues that the statutes are ambiguous. Our standard of review regarding statutory construction follows.

> When, as here, the appellant raises a question of statutory construction, "our standard of review is *de novo*, and our scope of review is plenary."

*Commonwealth v. Ford*, 175 A.3d 985, 991 (Pa. Super. 2017) (citation omitted). "[U]nder the rule of lenity, penal statutes must be strictly construed in favor of the defendant." *Commonwealth v. Smith*, 221 A.3d 631, 636 (Pa. 2019) (citation omitted). "The touchstone of the rule of lenity is statutory ambiguity." *Bifulco v. United States*, 447 US 382, 387 (1980) (citation omitted).

The relevant law regarding statutory interpretation follows.

> 1 Pa.C.S. 1921. Legislative intent controls
>
> (a) object and scope of construction of statutes. - - The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions.
>
> (b) **unambiguous** words control construction.- - when the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit.

1 Pa.C.S. § 1921 (emphasis added).

> When the words of a statute are clear and unambiguous, there is no need to look beyond the plain meaning of the statute under the pretext of pursuing its spirit. . . . Only when the words of the statute are not explicit may a court resort to the rules of statutory construction, including those provided in 1 Pa.C.S. § 1921(c). . . . A statute is ambiguous when there are at least two reasonable interpretations of the text under review. Moreover, statutes in pari materia shall be construed together, if possible, as one statute. . . . Finally, it is presumed that the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.

*Warrantech Consumer Prod. Servs., Inc. v. Reliance Ins. Co. in Liquidation*, 96 A.3d 346, 354–55 (Pa. 2014) (internal citations, brackets, and footnote omitted). "A statute's plain language generally provides the best indication of legislative intent. . . . In construing the language, however, and giving it effect, 'we should not interpret statutory words in isolation, but must read them with reference to the context in which they appear.'" *Ford*, 175 A.3d at 991–92 (citation omitted).

Additionally, with regard to statutory interpretation, we are guided by the following.

> (a) Statutes or parts of statutes are in pari materia when they relate to the same persons or things or to the same class of persons or things.

> (b) Statutes in pari materia shall be construed together, if possible, as one statute.

1 Pa.C.S. § 1932.

The DUI statutes, 75 Pa.C.S. §§ 3802(d)(1)(i) & (iii), are not ambiguous. It is illegal to drive with a Schedule I controlled substance, or a metabolite thereof, in your blood. 75 Pa.C.S. § 3802(d)(1)(i), (iii). Marijuana, including medical marijuana, remains a Schedule I controlled substance. *See Stone*, ___ A.3d at ___, slip op. at *7; *See also, Dabney*, ___ A.3d at ___, slip op. at *6.

The relevant portion of the MMA, 35 P.S. § 10231.2103(a), follows.

> **(a) Licensure.--**None of the following shall be subject to arrest, prosecution or penalty in any manner, or denied any right or privilege, including civil penalty or disciplinary action by a

Commonwealth licensing board or commission, solely for lawful use of medical marijuana or manufacture or sale or dispensing of medical marijuana, or for any other action taken in accordance with this act:

(1) A patient.

35 P.S. § 10231.2103(a).

First, considering the statute in context, we find that there is no ambiguity in 35 P.S. § 10231.2103(a).  35 P.S. Section 10231.2103(a) is titled "protections for patients and caregivers," and stated another way says, "a patient . . .  shall not be denied . . .  any . . . privilege . . . solely for lawful use of medical marijuana."  ***See id***.

Within the context of the MMA, "lawful use of marijuana" is defined as,

**(a) General rule.--**Notwithstanding any provision of law to the contrary, use or possession of medical marijuana as set forth in this act is lawful within this Commonwealth.

35 P.S. § 10231.303.  Additionally, the MMA discusses "unlawful use of marijuana" as follows,

**(a) General rule.--**Except as provided in section 303, section 704, Chapter 19 or Chapter 20,[] the use of medical marijuana is unlawful and shall, in addition to any other penalty provided by law, be deemed a violation of the act of April 14, 1972 (P.L. 233, No. 64),[] known as The Controlled Substance, Drug, Device and Cosmetic Act.

35 P.S. § 10231.304.[5]  As related to any conflict with the CSA, the MMA states,

_____

[5] 35 P.S. § 10231.704 pertains to independent laboratories for testing medical marijuana produced by the grower/processor.  ***See*** 35 P.S. § 10231.704. *(Footnote Continued Next Page)*

- 10 -

The growth, processing, manufacture, acquisition, transportation, sale, dispensing, distribution, possession and consumption of medical marijuana permitted under this act shall not be deemed to be a violation of the act of April 14, 1972 (P.L. 233, No. 64),[] known as The Controlled Substance, Drug, Device and Cosmetic Act. If a provision of the Controlled Substance, Drug, Device and Cosmetic Act relating to marijuana conflicts with a provision of this act, this act shall take precedence.

35 P.S. § 10231.2101.

Construing the statutes together, 35 P.S. § 10231.2103(a) is not ambiguous. *See* 1 Pa.C.S. § 1932 (Statutes in pari materia shall be construed together, if possible, as one statute). Appellant was not denied any privilege solely for "lawful use of medical marijuana." Driving after using medical marijuana, a Schedule I controlled substance, is not included in "lawful use of medical marijuana" under the MMA.

This Court has recently discussed the interplay between the MMA, CSA and DUI statutes and has held that the statutes can be read in harmony. *See Dabney*, ___ A.3d at ___, slip op. at *6. The Court expounded,

Section 3802(d)(1)(i) prohibits driving with marijuana in one's blood, notwithstanding the MMA. The MMA takes precedence over the CSA related to "[t]he growth, processing, manufacture, acquisition, transportation, sale, dispensing, distribution, possession and consumption of medical marijuana permitted under" the MMA. 35 P.S. § 10231.2101. Therefore, "compliance with the MMA will not constitute a crime under the CSA." . . . However, what Section 3802(d)(1) prohibits is not "growth, processing, manufacture, acquisition, transportation, sale, dispensing, distribution, possession [or] consumption of medical marijuana" but rather **driving** with a controlled substance in

Chapter 19 pertains to research programs and Chapter 20 with academic clinical research centers and clinical registrants. *See* 35 P.S. §§ 10231.1901-1908, and §§ 1231.2000-2004.

- 11 -

one's blood. . . . The MMA does not take precedence over laws **not** specified in 35 P.S. § 10231.2101. ***See*** 35 P.S. § 10231.1309(1) (allowing civil and criminal penalties for negligently undertaking tasks under the influence of medical marijuana). As such, [appellant] is not "facing a criminal conviction for the legal use of his medical marijuana." [Appellant's] Brief at 19. He was prosecuted for **driving** after such use. As in ***Jezzi*** and ***Stone***, we find that the MMA, CSA, and Vehicle Code can be read in harmony.

***Dabney***, ___ A.3d at ___, slip op. at *6-7 (some internal citations and internal footnotes omitted). We, too, find that there is no ambiguity in the interplay of the MMA 35 P.S. § 10231.2103(a) and the DUI statutes at 75 Pa.C.S. Sections 3802(d)(1)(i) & (iii). Because the statues at issue are not ambiguous, the rule of lenity does not apply. ***See United States v. Hayes,*** 555 US 415, 429 (2009). Therefore, Appellant's argument fails.

In his next issue, Appellant argues that Section 10231.2103(a) of the MMA entitles patients to immunity from prosecution under the "*per se*" provisions of Section 3802(d)(1)(i) and Section 3802(d)(1)(iii), which criminalize any amount of marijuana and its metabolites in a person's bloodstream. Specifically, Appellant argues that Section 10231.2103(a) contains an immunity provision, therefore, Appellant, as a patient under MMA is entitled to immunity from penalty merely for the lawful use of marijuana. Appellant's Brief, at 35.

This Court recently addressed whether a person can be prosecuted under Section 3802(d)(1) for driving with medical marijuana in his system and concluded the following,

[b]ecause [appellant] drove with marijuana in his blood, and because all marijuana, including medical marijuana, remains a Schedule I controlled substance for purposes not prohibited by the MMA, we hold that [appellant] could be charged and prosecuted under Section 3802(d)(1)(i) and (iii).

***Dabney***, ___ A.3d at ___, slip op. at *7.  The Court reasoned,

[a]fter careful consideration, we find that medical marijuana remains a Schedule I controlled substance for purposes of Section 3802(d)(1).  Contrary to [appellant's] argument, no conflict exists between the MMA and the Vehicle Code.  The Vehicle Code and the CSA render it illegal to drive with any amount of a Schedule I controlled substance in one's blood.  75 Pa.C.S.A. § 3802(d)(1)(i).

***Id.***, slip op. at *6.

Similarly, Appellant drove with marijuana in his blood.  Marijuana, including medical marijuana remains a Schedule I controlled substance for purposes not prohibited by the MMA.  Appellant argues that he was lawfully using medical marijuana and, therefore, should be immune from prosecution.  However, Appellant was not prosecuted for "lawful use of medical marijuana;" he was prosecuted for driving after such use.  Appellant's argument fails.  ***Id.***, slip op. at *6-7.

Lastly, Appellant raises a number of issues relating to the constitutionality of the relevant statutes, specifically that they are either vague, overbroad, and/or violative of his rights to equal protection and due process.  Appellant's Brief, at 2-3.  Appellant did not raise these constitutional issues before the trial court in a pre-trial or post-trial motion, therefore, his remaining issues are waived.  ***See*** Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); ***See***

*also, Commonwealth v. Lawrence*, 99 A.3d 116 (Pa. Super. 2014) (discussing waiver of constitutional issues where the issues are not first presented the trial court).

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  6/28/2022