J-A27014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LACY JO NUNEMAKER | : | |
| | : | |
| Appellant | : | No. 674 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 21, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001347-2020,
CP-01-CR-0001569-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LACY JO NUNEMAKER | : | |
| | : | |
| Appellant | : | No. 675 MDA 2022 |

Appeal from the Judgment of Sentence Entered April 21, 2022
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001347-2020,
CP-01-CR-0001569-2020

BEFORE:   DUBOW, J., McLAUGHLIN, J., and COLINS, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED:  NOVEMBER 23, 2022**

Appellant, Lacy Jo Nunemaker, appeals from the Judgment of Sentence entered in the Adams County Court of Common Pleas following her conviction at two separate dockets of, *inter alia*, numerous counts of driving under the

_____

* Retired Senior Judge assigned to the Superior Court.

influence ("DUI"). Appellant asserts that because she has a medical marijuana card, the court erred in finding her guilty of two of the DUI offenses. After careful review, we affirm.

The relevant facts and procedural history are as follows. Police officers arrested Appellant on two separate occasions for driving under the influence.[1] On both occasions, Appellant consented to providing a sample of her blood. Lab testing indicated that on both occasions Appellant's blood contained, *inter alia*, active marijuana compounds as well as inactive marijuana metabolites. At the time of Appellant's arrests, marijuana was a Schedule I controlled substance pursuant to the Controlled Substance, Drug, Device, and Cosmetic Act, 35 P.S. §§ 780-101-780-144 ("CSA").

On March 15, 2022, Appellant appeared for a stipulated bench trial. In addition to the above facts, the parties also stipulated that Appellant had a valid medical marijuana card at the time of the incidents and, with respect to the charges at docket number 1347-2020, Appellant admitted to having smoked marijuana an hour prior to operating a motor vehicle. Following the trial, the court convicted Appellant at docket number 1347-2020 of two counts of DUI—Controlled Substance and one count of Possession of Drug

---

[1] Officers arrested Appellant on June 23, 2020, and August 10, 2020.

Paraphernalia.[2] At docket number 1569-2020, the court convicted Appellant of four counts of DUI—Controlled Substance.[3]

On April 21, 2022, the trial court sentenced Appellant at docket number 1347-2020 to an aggregate term of 6 months of probation with restrictive DUI conditions. At docket number 1569-2020, the court imposed a concurrent sentence of 5 years' probation with restrictive DUI conditions. Appellant did not file any post-sentence motions.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue on appeal:

> Did the lower court err in determining that Appellant's valid prescription for [m]edical [m]arijuana, and the legal ingestion thereof, did not prevent prosecution under Sections 3802(d)(1)(i) and 3802(d)(1)(iii) of the Vehicle Code?

Appellant's Brief at 4.

Appellant asserts that the trial court should not have convicted her of violating Sections 3802(d)(1)(i) and (iii) of the Motor Vehicle Code, which criminalize driving with a Schedule I controlled substance, or a metabolite thereof, in one's blood. *Id.* at 10-17. Appellant posits that, by enacting the Medical Marijuana Act, 35 P.S. §§ 10231.101-10231.2110 ("MMA"), the Pennsylvania legislature intended to remove properly ingested medical

---

[2] 75 Pa.C.S §§ 3802(d)(1)(i) and 3802(d)(1)(iii), and 35 P.S. § 780-113(a)(32), respectively.

[3] 75 Pa.C.S §§ 3802(d)(1)(i), 3802(d)(1)(ii), 3802(d)(1)(iii), and 3802(d)(2).

marijuana from the list of Schedule I controlled substances. Appellant's Brief at 10. She concludes that, because she holds a valid medical marijuana prescription, she was not driving with a controlled substance with her blood. *Id.* at 10, 16-17. She further argues that by enacting the MMA the legislature "either created a conflict between the CSA and the MMA or intended to have medical marijuana . . . to be removed as a Schedule I Controlled Substance for the purpose of the Motor Vehicle Code." *Id.* at 13.

Recently, in **Commonwealth v. Dabney**, 274 A.3d 1283 (Pa. Super 2022), *appeal denied*, No. 219 MAL 2022, 2022 WL 14328982 (Pa. filed Oct. 25, 2022), this Court considered—and rejected—the same arguments asserted by Appellant herein. The **Dabney** Court undertook an analysis of the CSA, MMA, and DUI statute and determined first that, contrary to Appellant's argument, the statutes were not in conflict. The Court explained,

> Section 3802(d)(1)(i) prohibits driving with marijuana in one's blood, notwithstanding the MMA. The MMA takes precedence over the CSA related to "[t]he growth, processing, manufacture, acquisition, transportation, sale, dispensing, distribution, possession and consumption of medical marijuana permitted under" the MMA. 35 P.S. § 10231.2101. Therefore, "compliance with the MMA will not constitute a crime under the CSA." . . . However, what Section 3802(d)(1) prohibits is not "growth, processing, manufacture, acquisition, transportation, sale, dispensing, distribution, possession [or] consumption of medical marijuana" but rather **driving** with a controlled substance in one's blood. . . . The MMA does not take precedence over laws **not** specified in 35 P.S. § 10231.2101. **See** 35 P.S. § 10231.1309(1) (allowing civil and criminal penalties for negligently undertaking tasks under the influence of medical marijuana). As such, [appellant] is not "facing a criminal conviction for the legal use of his medical marijuana." He was prosecuted for **driving** after such use. As in [**Commonwealth v.**] **Jezzi**[, 208 A.3d 1105 (Pa.

- 4 -

Super. 2019,] and [**Commonwealth v.**] **Stone**, [273 A.3d 1163 (Pa. Super. 2020),] we find that the MMA, CSA, and Vehicle Code can be read in harmony.

**Id.** at 1291-92 (some internal citations and internal footnotes omitted).

The **Dabney** Court then affirmed that all marijuana, including medical marijuana and marijuana metabolites, are Schedule I controlled substances for purposes of the DUI statute. **Id.** at 1292. The Court, thus, concluded that, as in the instant case, because the defendant drove with marijuana in his blood, the defendant could be charged and prosecuted under Sections 3802(d)(1)(i) and (iii).

Because we are bound by the holding in **Dabney**, Appellant's claim fails.

Judgment of Sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/23/2022