J-S35033-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                      :             PENNSYLVANIA
                                      :
            v.                      :
                                      :
ERICA LYNN FINNERAN           :
                                      :
           Appellant         :    No. 885 MDA 2022

Appeal from the Judgment of Sentence Entered June 3, 2022
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0003056-2020

BEFORE:   BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:       **FILED NOVEMBER 10, 2022**

Appellant Erica Lynn Finneran appeals from the judgment of sentence entered by the Court of Common Pleas of Dauphin County after Appellant was convicted of Driving while Under the Influence of a Controlled Substance in violation of 75 Pa.C.S.A. § 3802(d)(1)(i). Counsel has filed a petition to withdraw and a brief pursuant to ***Anders v. California***, 386 U.S. 738, 87 S.Ct. 1396 (1967), and ***Commonwealth v. Santiago***, 602 Pa. 159, 978 A.2d 349 (2009) (hereinafter "***Anders*** brief"). We affirm the judgment of sentence and grant counsel's petition to withdraw.

On March 29, 2020, Pennsylvania State Police Corporal Darren Mordorf seized Appellant's vehicle, after finding Appellant had stopped in the travel lane of State Route 225 in the area of Bastian Road. Notes of Testimony (N.T.),

_____

[*] Former Justice specially assigned to the Superior Court.

Trial, 4/1/22, at 5-8. Thereafter, at approximately 8:50 p.m., Trooper Kyle Kinney was summoned to the scene to provide assistance and he approached the driver side of Appellant's vehicle. N.T. at 7.

Trooper Kinney immediately observed an odor of marijuana emanating from the vehicle and noticed that Appellant was speaking very quickly and her eyes were bloodshot with dilated pupils. N.T. at 7. Based on these observations, Trooper Kinney required Appellant to exit her vehicle to perform field sobriety testing such as the horizontal gaze nystagmus test, the walk and turn test, the one-leg stand test, and the lack of convergence test. N.T. at 9-10. After Appellant exhibited multiple signs of impairment during field sobriety testing, she admitted that she had smoked marijuana earlier that day and had been taking a prescription amphetamine. N.T. at 11.

At that point, Trooper Kinney placed Appellant under arrest for suspicion of DUI and transported her for a blood draw at the state police barracks. N.T. at 11-13. Appellant consented to the blood test, which was performed at 9:44 p.m. and showed the presence of Delta-9 THC, the active ingredient for marijuana, as well as amphetamines. N.T. at 12-14.

After Appellant was placed under arrest and charged with DUI, Appellant filed no pretrial motions. While initially Appellant was scheduled to enter a guilty plea, she ultimately decided to proceed to a bench trial. Trooper Kinney testified for the prosecution and Appellant testified on her own behalf, claiming she has been prescribed medical marijuana.

On April 1, 2022, the trial court found Appellant guilty of DUI and ordered the preparation of a pre-sentence investigation report (PSI). On June 3, 2022, the trial court sentenced Appellant to six months' restrictive probation with the first 72 hours on electronic monitoring/house arrest and also imposed a fine and costs. Appellant did not file a post-sentence motion. On June 15, 2022, Appellant filed this notice of appeal.

On June 20, 2022, the trial court ordered Appellant to file a Concise Statement of Errors on Appeal pursuant to Pa.R.A.P. 1925(b). Thereafter, on July 6, 2022, counsel filed notice of his intent to file an **Anders** brief in lieu of a concise statement. As such, the trial court did not prepare a responsive Pa.R.A.P. 1925(a) opinion.

We must first evaluate counsel's request to withdraw before reaching the merits of the case. **Commonwealth v. Washington**, 63 A.3d 797, 800 (Pa.Super. 2013); **see also Commonwealth v. Rojas**, 874 A.2d 638, 639 (Pa.Super. 2005) (stating, "[w]hen faced with a purported **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw") (citation omitted).

There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on appeal pursuant to which counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Commonwealth v. Cartrette*, 83 A.3d 1030, 1032 (Pa.Super. 2013) (*en banc*) (citation omitted). We further review counsel's *Anders* brief for compliance with the requirements set forth in the Supreme Court's decision in *Santiago*:

> [W]e hold that in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 602 Pa. at 178-79, 978 A.2d at 361.

The Supreme Court in *Santiago* clarified that *Anders* does not "require[] that counsel's brief provide an argument of any sort, let alone the type of argument that counsel develops in a merits brief. [W]hat the brief must provide under *Anders* are references to anything in the record that might arguably support the appeal." *Id*. at 176, 978 A.2d at 359-360.

Moreover, counsel must provide a copy of the *Anders* brief to his client. "Attending the brief must be a letter that advises the client of his right to: '(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's attention in addition to the points raised by counsel in the *Anders* brief.'" *Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa.Super. 2014) (quoting *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa.Super. 2007)).

In this case, counsel filed an **Anders** brief with his application to withdraw as counsel, in which he states that he made a conscientious examination of the record and determined there are no non-frivolous grounds for the appeal. We find counsel's brief and petition substantially comply with the technical requirements of **Anders** and **Santiago**.

Moreover, counsel provided this Court with a copy of the letter which he sent to Appellant advising her of her right to retain new counsel or to proceed *pro* se to raise any points that she deems worthy of this Court's attention. **See Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005). Therefore, we proceed to examine the issue counsel identified in the **Anders** brief and then conduct "a full examination of all the proceedings, to decide whether the case is wholly frivolous." **Commonwealth v. Yorgey**, 188 A.3d 1190, 1195 (Pa.Super. 2018) (*en banc*) (quotation omitted).

As noted above, in response to the trial court's 1925(b) order, counsel filed a statement of his intent to file an **Anders** brief and noted that Appellant wished to challenge the sufficiency of the evidence supporting her DUI conviction. Counsel also noted that Appellant had not preserved any other claims in the lower court for appeal.

In reviewing a challenge to the sufficiency of the evidence, our standard of review is as follows:

> When reviewing a challenge to the sufficiency of the evidence, we evaluate the record in the light most favorable to the Commonwealth as verdict winner, giving it the benefit of all reasonable inferences to be drawn from the evidence. **Commonwealth v. Widmer**, 560 Pa. 308, 744 A.2d 745, 751

(2000). "Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt." ***Commonwealth v. Lynch***, 72 A.3d 706, 708 (Pa.Super. 2013) (*en banc*) (citation omitted). Any doubt about the defendant's guilt is to be resolved by the fact-finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances. ***See Commonwealth v. DiStefano***, 782 A.2d 574, 582 (Pa.Super. 2001). Additionally, the Commonwealth may sustain its burden solely by means of circumstantial evidence. ***Lynch***, 72 A.3d at 708.

***Commonwealth v. Lake***, 281 A.3d 341, 345–46 (Pa.Super. 2022).

Appellant was charged with DUI under Section § 3802(d)(1) of the Vehicle Code, which provides that:

[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle under any of the following circumstances:

(i) Schedule I controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device, and Cosmetic Act [("CSA")];

(ii) Schedule II or Schedule III controlled substance, as defined in [the CSA], which has not been medically prescribed for the individual; or

(iii) metabolite of a substance under subparagraph (i) or (ii).

75 Pa.C.S.A. § 3802(d)(1).

Thus, Section 3802(d)(1) prohibits an individual from driving after using a Schedule I controlled substance. To sustain a conviction under this Section 3802(d)(1) on this basis, the Commonwealth must provide that the defendant, at the time of driving, had in his blood either (1) the active compound of a Schedule I drug or (2) a metabolite of a Schedule I drug. ***Commonwealth v. Given***, 244 A.3d 508, 511 (Pa.Super. 2020). The CSA classifies marijuana or

"marihuana" as a Schedule I controlled substance. 35 P.S. § 780-104(1)(iv). This Court has noted that Delta-9-THC is the active compound in marijuana. ***Given***, 244 A.3d at 509. It is also important to recognize that under Section 3802(d)(1), proof of actual impairment is not required. ***Commonwealth v. Dabney***, 274 A.3d 1283, 1288 (Pa.Super. 2022) (citations omitted).

The record contains ample evidence to support Appellant's conviction under Section 3802(d)(i). Troopers found Appellant in physical control of her vehicle, which was blocking the travel lane of SR225. As Appellant demonstrated indicators of impairment, failed sobriety testing and admitted to smoking marijuana earlier that day, the troopers placed Appellant under arrest and requested that she submit to a blood draw. Appellant consented to the blood draw, which showed that her blood contained Delta 9-THC, the active ingredient in marijuana, at the time she had been driving.

We acknowledge that Appellant had claimed at trial that she had been prescribed medical marijuana. However, the Vehicle Code provides that "[t]he fact that a person charged with [DUI] is or has been legally entitled to use alcohol or controlled substances is not a defense to a charge of [DUI]." 75 Pa.C.S.A. § 3810. In a recent *en banc* decision, ***Commonwealth v. Stone***, 273 A.3d 1163  (Pa.Super. 2022) (*en banc*), this Court concluded that as "marijuana remains a Schedule I controlled substance under current Pennsylvania law[,] … the Commonwealth is not required to prove that the marijuana in an individual's bloodstream is non-medical marijuana for purposes of proving DUI." ***Id***. at  1174.

- 7 -

Therefore, we agree with the trial court that there was sufficient evidence to support Appellant's conviction for DUI under Section 3802(d)(1). and agree with counsel's assessment that this argument is wholly frivolous. "Furthermore, after conducting a full examination of all the proceedings as required pursuant to **Anders**, we discern no non-frivolous issues to be raised on appeal." **Yorgey**, 188 A.3d at 1195.

Accordingly, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2022